APPEAL,CLOSED,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–01611–RDM</u>
### *Internal Use Only*

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC. v. BECERRA et al | Date Filed: 06/05/2023 |
| Assigned to: Judge Randolph D. Moss | Date Terminated: 12/04/2023 |
| Cause: 05:702 Administrative Procedure Act | Jury Demand: None |
| | Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**NORWICH PHARMACEUTICALS, INC.**     represented by     **Aaron Savit**
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
9th Floor
Hartford, CT 06103
734–548–2397
Email: asavit@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gabriella McIntyre**
AXINN VELTROP & HARKRIDER, LLP
1901 L Street NW
Washington, DC 20036
202–469–3508
Email: gmcintyre@axinn.com
*TERMINATED: 10/13/2023*
*ATTORNEY TO BE NOTICED*

**Matthew S. Murphy**
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
9th Floor
Hartford, CT 06103
860–275–8146
Fax: 860–275–8101
Email: mmurphy@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ross Ericson Blau**
AXINN VELTROP & HARKRIDER, LLP
114 W. 47th St
New York, NY 10036
914–815–1241

Email: rblau@axinn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chad A Landmon**
AXINN, VELTROP & HARKRIDER LLP
Connecticut
90 State House Square
Hartford, CT 06103
860−275−8170
Fax: 860−275−8101
Email: clandmon@axinn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**XAVIER BECERRA**                    represented by   **Gabriel Schonfeld**
*in his official capacity as Secretary of*              U.S. DEPARTMENT OF JUSTICE
*Health and Human Services*                            Consumer Protection Branch
                                                       450 5th Street NW
                                                       Washington, DC 20530
                                                       202−353−1531
                                                       Fax: 202−514−8742
                                                       Email: gabriel.i.schonfeld@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT M. CALIFF, M.D.**             represented by   **Gabriel Schonfeld**
*in his official capacity as Commissioner*             (See above for address)
*of Food and Drugs*                                    *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES FOOD AND DRUG**        represented by   **Gabriel Schonfeld**
**ADMINISTRATION**                                     (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**SALIX PHARMACEUTICALS, INC.**        represented by   **David B. Salmons**
                                                       MORGAN, LEWIS & BOCKIUS LLP
                                                       1111 Pennsylvania Avenue, NW
                                                       Washington, DC 20004
                                                       202−739−3000
                                                       Fax: 202−739−3001

Email: david.salmons@morganlewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amanda Leigh Salz**
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
714–330–4637
Email: amanda.salz@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karon Nicole Fowler**
MORGAN LEWIS & BOCKIUS
110 North Wacker Drive
Suite 2800
Chicago, IL 60606–1511
312–324–1142
Fax: 312–324–1001
Email: karon.fowler@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Abernathy**
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Suite 2800
Chicago, IL 60606
312–324–1447
Fax: 312–324–1001
Email: mike.abernathy@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Wan–Shon Lo**
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
312–324–1000
Fax: 312–324–1001
Email: shon.lo@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William R. Peterson**
MORGAN, LEWIS & BOCKIUS LLP
Litigation– Healthcare
1000 Louisiana Street
Suite 4000
Houston, TX 77002–5005

713–890–5000
Fax: 713–890–5001
Email: william.peterson@morganlewis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **TEVA PHARMACEUTICALS USA, INC.** | represented by | **Brian T Burgess**<br>GOODWIN PROCTER LLP<br>1900 N St NW<br>Washington, DC 20036<br>(202) 346–4000<br>Fax: (202) 346–4444<br>Email: BBurgess@goodwinlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/05/2023 | 1 | COMPLAINT against XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION ( Filing fee $ 402 receipt number ADCDC–10116586) filed by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Exhibit 1, # 2 Civil Cover Sheet, # 3 Summons to Becerra, # 4 Summons to Califf, # 5 Summons to FDA)(Landmon, Chad) (Attachment 2 replaced on 6/6/2023) (zcb). (Entered: 06/05/2023) |
| 06/05/2023 | 2 | NOTICE of Appearance by Chad A Landmon on behalf of NORWICH PHARMACEUTICALS, INC. (Landmon, Chad) (Entered: 06/05/2023) |
| 06/05/2023 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NORWICH PHARMACEUTICALS, INC. (Landmon, Chad) (Entered: 06/05/2023) |
| 06/05/2023 | 4 | MOTION for Preliminary Injunction by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Chad Landmon, # 3 Exhibit 1 to Landmon Declaration, # 4 Exhibit 2 to Landmon Declaration, # 5 Exhibit 3 to Landmon Declaration, # 6 Exhibit 4 to Landmon Declaration, # 7 Exhibit 5 to Landmon Declaration, # 8 Exhibit 6 to Landmon Declaration, # 9 Exhibit 7 to Landmon Declaration, # 10 Exhibit 8 to Landmon Declaration, # 11 Declaration of Tunie Zaku, # 12 Text of Proposed Order)(Landmon, Chad) (Entered: 06/05/2023) |
| 06/06/2023 | | NOTICE OF ERROR re 1 Complaint; emailed to clandmon@axinn.com, cc'd 2 associated attorneys –– The PDF file you docketed contained errors: 1. Attorney is provisional. Please renew your membership. See https://www.dcd.uscourts.gov/attorney–renewal., 2. Missing summonses–government. When naming a government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue., 3. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (cb, ) (Entered: 06/06/2023) |
| 06/06/2023 | 5 | REQUEST FOR SUMMONS TO ISSUE *to the U.S. Attorney & U.S. Attorney General* by NORWICH PHARMACEUTICALS, INC. re 1 Complaint, Notice of QC– New Case,, filed by NORWICH PHARMACEUTICALS, INC.. Related document: 1 Complaint, filed by NORWICH PHARMACEUTICALS, INC., Notice of QC– New Case,,.. (Attachments: # 1 Summons)(Landmon, Chad) (Entered: 06/06/2023) |
| 06/07/2023 | | Case Assigned to Judge Randolph D. Moss. (zcb) (Entered: 06/07/2023) |

| 06/07/2023 | 6 | SUMMONS (5) Issued Electronically as to XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zcb) (Entered: 06/07/2023) |
|---|---|---|
| 06/08/2023 | | MINUTE ORDER: In light of Plaintiff's pending motion for a preliminary injunction, Dkt. 4 , Plaintiff is directed to ensure that Defendants are promptly served. Once Defendants have been served, the parties are ORDERED to meet and confer regarding a briefing schedule for the preliminary injunction motion and to file a joint status report on or before June 12, 2023 with a proposed briefing schedule. Signed by Judge Randolph D. Moss on 6/8/2023. (lcrdm1) (Entered: 06/08/2023) |
| 06/09/2023 | 7 | STANDING ORDER: The parties are hereby ORDERED to comply with the directives set forth in the attached Standing Order. See document for details. Signed by Judge Randolph D. Moss on 6/9/2023. (lcrdm1) (Entered: 06/09/2023) |
| 06/12/2023 | 8 | Joint STATUS REPORT *AND STIPULATED [PROPOSED] SCHEDULING ORDER* by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 06/12/2023) |
| 06/12/2023 | 9 | NOTICE of Appearance by Gabriel Schonfeld on behalf of All Defendants (Schonfeld, Gabriel) (Entered: 06/12/2023) |
| 06/12/2023 | 10 | NOTICE of Appearance by David B. Salmons on behalf of Salix Pharmaceuticals, Inc. (Salmons, David) (Main Document 10 replaced on 6/13/2023) (zjm). (Entered: 06/12/2023) |
| 06/12/2023 | 11 | NOTICE of Appearance by Amanda Leigh Salz on behalf of Salix Pharmaceuticals, Inc. (Salz, Amanda) (Main Document 11 replaced on 6/13/2023) (zjm). NOTICE of Appearance by Amanda Leigh Salz on behalf of Salix Pharmaceuticals, Inc. (Salz, Amanda) (Main Document 11 replaced on 6/13/2023) (zjm). (Entered: 06/12/2023) |
| 06/12/2023 | 12 | MOTION to Intervene by Salix Pharmaceuticals, Inc.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Complaint, # 3 Text of Proposed Order)(Salmons, David) (Entered: 06/12/2023) |
| 06/13/2023 | 13 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew S. Murphy, Filing fee $ 100, receipt number ADCDC–10136483. Fee Status: Fee Paid. by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Matthew S. Murphy, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Landmon, Chad) (Entered: 06/13/2023) |
| 06/13/2023 | 14 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ross E. Blau, Filing fee $ 100, receipt number ADCDC–10136630. Fee Status: Fee Paid. by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Ross E. Blau, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Landmon, Chad) (Entered: 06/13/2023) |
| 06/13/2023 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gabriella M. McIntyre, Filing fee $ 100, receipt number ADCDC–10136645. Fee Status: Fee Paid. by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Gabriella M. McIntyre, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Landmon, Chad) (Entered: 06/13/2023) |
| 06/13/2023 | 16 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Aaron Z. Savit, Filing fee $ 100, receipt number ADCDC–10136697. Fee Status: Fee Paid. by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Aaron Savit, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Landmon, Chad) (Entered: 06/13/2023) |
| 06/13/2023 | 17 | RESPONSE re 12 MOTION to Intervene filed by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 06/13/2023) |
| 06/16/2023 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael J. Abernathy, Filing fee $ 100, receipt number ADCDC–10147988. Fee Status: Fee Paid. by SALIX PHARMACEUTICALS, INC.. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Declaration of Michael J. Abernathy, # 2 Text of Proposed Order)(Salz, Amanda) (Entered: 06/16/2023) |
| 06/16/2023 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– William R. Peterson, Filing fee $ 100, receipt number ADCDC–10148035. Fee Status: Fee Paid. by SALIX PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of William R. Peterson, # 2 Text of Proposed Order)(Salz, Amanda) (Entered: 06/16/2023) |
| 06/16/2023 | 20 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Karon N. Fowler, Filing fee $ 100, receipt number ADCDC–10148059. Fee Status: Fee Paid. by SALIX PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Karon N. Fowler, # 2 Text of Proposed Order)(Salz, Amanda) (Entered: 06/16/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of the parties' joint status report, Dkt. 8 , it is hereby ORDERED that Plaintiff's motion for a preliminary injunction, Dkt. 4 , will be consolidated with a full consideration of the merits under Federal Rule of Civil Procedure 65(a)(2). It is further ORDERED that the following schedule will govern summary judgment briefing: (1) Defendants shall file their combined opposition to Plaintiff's motion for a preliminary injunction (consolidated with the merits and treated as a summary judgment motion) and cross–motion to dismiss, or, in the alternative, for summary judgment, on or before July 7, 2023; (2) Defendants shall file a certified index of administrative record and serve the administrative record on counsel for Plaintiff on or before July 7, 2023; (3) Plaintiff shall file its reply and cross–opposition on or before July 26, 2023; (4) Defendants shall serve on Plaintiff's counsel designations of any additional record materials that will be cited in Defendants' cross–reply on or before August 14, 2023; (5) Defendants shall file their cross–reply on or before August 16, 2023; and (6) Plaintiff shall file the joint appendix of administrative record on or before August 16, 2023. It is further ORDERED that the deadline for Defendants to answer or otherwise respond to the complaint is STAYED pending resolution of the parties' cross–motions for summary judgment. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's motion to admit Matthew S. Murphy pro hac vice, Dkt. 13 , it is hereby ORDERED that the motion is GRANTED. Matthew S. Murphy is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's motion to admit Ross E. Blau pro hac vice, Dkt. 14 , it is hereby ORDERED that the motion is GRANTED. Ross E. Blau is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's motion for leave to admit Gabriella M. McIntyre pro hac vice, Dkt. 15 , it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. Under the comment to Local Rule 83.2(c)(2), "as a general matter, attorneys who engage in the practice of law from an office located in the District of Columbia and who file papers in this Court should be a member of the Bar of this Court and the District of Columbia Bar." Ms. McIntyre works out of an office in the District of Columbia and is a member of the District of Columbia Bar. Dkt. 15–1 at 1. Accordingly, Ms. McIntyre may not "file papers" in this Court until she has become a member of the Bar of this Court. However, because the comment to Local Rule 83.2(c)(2) only addresses the filing of papers, not appearing more generally, Ms. McIntyre may still appear before this Court while his application is pending. Gabriella M. McIntyre is therefore granted leave to appear pro hac vice in this case, except that she may not file papers in it. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's motion to admit Aaron Zvi Savit pro hac vice, Dkt. 16 , it is hereby ORDERED that the motion is GRANTED. Aaron Zvi Savit is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1 |

| | | (Entered: 06/18/2023) |
|---|---|---|
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Salix Pharmaceuticals, Inc.'s motion to intervene, Dkt. 12 , and Plaintiff's consent thereto, Dkt. 17 , it is hereby ORDERED that the motion is GRANTED. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Amanda L. Salz's motion to admit Michael J. Abernathy pro hac vice, Dkt. 18 , it is hereby ORDERED that the motion is GRANTED. Michael J. Abernathy is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Amanda L. Salz's motion to admit William R. Peterson pro hac vice, Dkt. 19 , it is hereby ORDERED that the motion is GRANTED. William R. Peterson is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/18/2023 | | MINUTE ORDER: Upon consideration of Amanda L. Salz's motion to admit Karon N Fowler pro hac vice, Dkt. 18 , it is hereby ORDERED that the motion is GRANTED. Karon N. Fowler is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/18/2023. (lcrdm1) (Entered: 06/18/2023) |
| 06/20/2023 | 21 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Wan−Shon Lo, Filing fee $ 100, receipt number ADCDC−10152704. Fee Status: Fee Paid. by SALIX PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Wan−Shon Lo, # 2 Text of Proposed Order)(Salz, Amanda) (Entered: 06/20/2023) |
| 06/20/2023 | | MINUTE ORDER: Upon consideration of Amanda L. Salz's motion to admit Wan−Shon Lo pro hac vice, Dkt. 21 , it is hereby ORDERED that the motion is GRANTED. Wan−Shon Lo is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Randolph D. Moss on 6/20/2023. (lcrdm1) (Entered: 06/20/2023) |
| 06/21/2023 | 22 | NOTICE of Appearance by Ross Ericson Blau on behalf of NORWICH PHARMACEUTICALS, INC. (Blau, Ross) (Entered: 06/21/2023) |
| 06/22/2023 | 23 | NOTICE of Appearance by William R. Peterson on behalf of SALIX PHARMACEUTICALS, INC. (Peterson, William) (Entered: 06/22/2023) |
| 06/22/2023 | 24 | NOTICE of Appearance by Michael Abernathy on behalf of SALIX PHARMACEUTICALS, INC. (Abernathy, Michael) (Entered: 06/22/2023) |
| 06/22/2023 | 25 | NOTICE of Appearance by Wan−Shon Lo on behalf of SALIX PHARMACEUTICALS, INC. (Lo, Wan−Shon) (Entered: 06/22/2023) |
| 06/22/2023 | 26 | NOTICE of Appearance by Karon Nicole Fowler on behalf of SALIX PHARMACEUTICALS, INC. (Fowler, Karon) (Entered: 06/22/2023) |
| 06/22/2023 | 27 | NOTICE of Appearance by Matthew S. Murphy on behalf of NORWICH PHARMACEUTICALS, INC. (Murphy, Matthew) (Entered: 06/22/2023) |
| 06/22/2023 | 28 | NOTICE of Appearance by Aaron Savit on behalf of NORWICH PHARMACEUTICALS, INC. (Savit, Aaron) (Entered: 06/22/2023) |
| 06/27/2023 | 29 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. XAVIER BECERRA served on 6/13/2023 (Landman, Chad) (Entered: 06/27/2023) |

| 06/27/2023 | 30 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT M. CALIFF, MD served on 6/13/2023 (Landmon, Chad) (Entered: 06/27/2023) |
| 06/27/2023 | 31 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES FOOD AND DRUG ADMINISTRATION served on 6/13/2023 (Landmon, Chad) (Entered: 06/27/2023) |
| 06/27/2023 | 32 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 6/12/23. (Landmon, Chad) (Entered: 06/27/2023) |
| 06/27/2023 | 33 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney Date of Service Upon United States Attorney on 6/7/2023. Answer due for ALL FEDERAL DEFENDANTS by 8/6/2023. (Landmon, Chad) (Entered: 06/27/2023) |
| 07/05/2023 | 34 | STIPULATION *PROPOSED PROTECTIVE ORDER REGARDING ACCESS TO THE ADMINISTRATIVE RECORD* by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 07/05/2023) |
| 07/05/2023 | 35 | NOTICE of Appearance by Gabriella McIntyre on behalf of NORWICH PHARMACEUTICALS, INC. (McIntyre, Gabriella) (Entered: 07/05/2023) |
| 07/06/2023 | 36 | PROTECTIVE ORDER: Upon consideration of Plaintiffs' motion for stipulated protective order, Dkt. 34 , it i hereby ORDERED that the motion is GRANTED. See document for details. Signed by Judge Randolph D. Moss on 7/6/2023. (lcrdm1) (Entered: 07/06/2023) |
| 07/07/2023 | 37 | Cross MOTION for Summary Judgment by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION. (Attachments: # 1 Text of Proposed Order Proposed Order)(Schonfeld, Gabriel) (Entered: 07/07/2023) |
| 07/07/2023 | 38 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Combined Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Federal Defendants' Cross–Motion for Summary Judgment, # 2 Certified Index of Administrative Record, # 3 Text of Proposed Order)(Schonfeld, Gabriel) (Entered: 07/07/2023) |
| 07/07/2023 | 39 | RESPONSE re 4 MOTION for Preliminary Injunction *and Cross–Motion to Dismiss or, in the Alternative, for Summary Judgment* filed by SALIX PHARMACEUTICALS, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Salmons, David) (Entered: 07/07/2023) |
| 07/07/2023 | 54 | Cross MOTION to Dismiss, MOTION for Summary Judgment by SALIX PHARMACEUTICALS, INC.. (See Docket Entry 39 to view document) (zjm) (Entered: 08/17/2023) |
| 07/08/2023 |  | MINUTE ORDER: Upon consideration of Defendants' sealed motion for leave to file document under seal, Dkt. 38 , it is hereby ORDERED that the motion is GRANTED. Defendants' exhibit is hereby filed under seal Signed by Judge Randolph D. Moss on 7/8/2023. (lcrdm1) (Entered: 07/08/2023) |
| 07/08/2023 | 44 | SEALED OPPOSITION filed by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION re 4 Motion for Preliminary Injunction, (zjm) (Entered: 08/02/2023) |
| 07/08/2023 | 45 | SEALED DOCUMENT filed by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION. (This document is SEALED and only available to authorized persons.)(zjm) (Entered: 08/02/2023) |
| 07/19/2023 | 40 | REDACTED DOCUMENT– to 37 Cross MOTION for Summary Judgment , 4 MOTION for Preliminary Injunction *Combined Memorandum (Redacted) in Opposition to Plaintiff's Motion for a Preliminary Injunction and for Summary Judgment, and in Support of Federal Defendants' Cross–Motion for Summary* |

| | | |
|---|---|---|
| | | *Judgment* by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION. (Schonfeld, Gabriel) (Entered: 07/19/2023) |
| 07/19/2023 | 41 | REDACTED DOCUMENT– Certified Index of Administrative Record by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION. (Schonfeld, Gabriel) (Entered: 07/19/2023) |
| 07/20/2023 | 42 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew J. Becker, Filing fee $ 100, receipt number ADCDC–10219620. Fee Status: Fee Paid. by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Declaration of Matthew J. Becker, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Landmon, Chad) (Entered: 07/20/2023) |
| 07/21/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's motion to admit Matthew J. Becker pro hac vice, Dkt. 42 , it is hereby ORDERED that the motion is GRANTED. Matthew J. Becker is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)/LCrR 44.5(a). Click for Instructions**. Signed by Judge Randolph D. Moss on 7/21/2023. (lcrdm1) (Entered: 07/21/2023) |
| 07/26/2023 | 43 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NORWICH PHARMACEUTICALS, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Opposition to FDA and Intervenor Salixs Motion for Summary Judgment, and Reply in Support of Plaintiffs Motion for Preliminary Injunction, # 2 Text of Proposed Order)(Landmon, Chad) (Entered: 07/26/2023) |
| 07/27/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's unopposed motion for leave to file document under seal 43 , it is hereby ORDERED that the motion is GRANTED. Plaintiff's Opposition to FDA and Intervenor Salix's Motion for Summary Judgment, and Reply in Support of Plaintiff's Motion for Preliminary Injunction (Opposition and Reply) is hereby filed under seal. Plaintiff shall file public, redacted versions of its Opposition and Reply, according to the following procedure: On or before July 31, 2023, counsel for Plaintiff shall serve proposed public versions of the Opposition and Reply on counsel for all parties. The other parties shall then have five business days from the date of such service to notify Plaintiff of any objections to Plaintiff's proposed public version or of any additional information contained in such documents that they believe to be confidential under the Stipulated Protective order. Two business days after such deadline, Plaintiff shall file a public version of the Opposition and Reply with the confidential information redacted from public view. Signed by Judge Randolph D. Moss on 7/27/2023. (lcrdm1) Modified on 8/1/2023 (zglw). (Entered: 07/27/2023) |
| 07/27/2023 | 46 | SEALED OPPOSITION filed by NORWICH PHARMACEUTICALS, INC. re 37 Motion for Summary Judgment (zjm) (Entered: 08/02/2023) |
| 07/27/2023 | 47 | SEALED REPLY TO OPPOSITION filed by NORWICH PHARMACEUTICALS, INC. re 4 Motion for Preliminary Injunction,, (This document is SEALED and only available to authorized persons.)(zjm) (Entered: 08/02/2023) |
| 08/02/2023 | 48 | NOTICE *of Plaintiffs Renewed Request For Oral Argument* by NORWICH PHARMACEUTICALS, INC. re 4 Motion for Preliminary Injunction,, (Landmon, Chad) (Entered: 08/02/2023) |
| 08/02/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's renewed request for oral argument, Dkt. 48 , it is hereby ORDERED that the parties shall appear for oral argument on Plaintiff's motion for a preliminary injunction, which has been consolidated for a full consideration of the merits, Dkt. 4 , Defendants' cross–motion for summary judgment, Dkt. 37 , and Intervenor's cross–motion to dismiss, or, in the alternative, for summary judgment, Dkt. 39 , on October 6, 2023 at 11:00 a.m. in Courtroom 8. Signed by Judge Randolph D. Moss on 8/2/2023. (lcrdm1) (Entered: 08/02/2023) |
| 08/02/2023 | | |

| | | |
|---|---|---|
| | | Set/Reset Hearings: Motion Hearing set for 10/6/2023 at 11:00 AM in Courtroom 8– In Person before Judge Randolph D. Moss. (zglw) (Entered: 08/03/2023) |
| 08/09/2023 | 49 | REDACTED DOCUMENT– Opposition to FDA and Intervenor Salixs Motion for Summary Judgment, and Reply in Support of Plaintiffs Motion for Preliminary Injunction to Order on Sealed Motion for Leave to File Document Under Seal,,,, 47 Sealed Reply by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 08/09/2023) |
| 08/16/2023 | 50 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NORWICH PHARMACEUTICALS, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix Administrative Record, # 2 Text of Proposed Order)(Landmon, Chad) (Entered: 08/16/2023) |
| 08/16/2023 | 51 | REDACTED DOCUMENT– Joint Appendix of Administrative Record to 50 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NORWICH PHARMACEUTICALS, INC. (This document is SEALED and only available to authorized persons.) by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 08/16/2023) |
| 08/16/2023 | | MINUTE ORDER: Upon consideration of Plaintiff's unopposed motion for leave to file under seal, Dkt. 50 , it is hereby ORDERED that the motion is GRANTED. The Joint Appendix of Administrative Record is hereby filed under seal. Signed by Judge Randolph D. Moss on 8/16/2023. (lcrdm1) (Entered: 08/16/2023) |
| 08/16/2023 | 52 | REPLY to opposition to motion re 37 Cross MOTION for Summary Judgment filed by XAVIER BECERRA, ROBERT M. CALIFF, MD, UNITED STATES FOOD AND DRUG ADMINISTRATION. (Schonfeld, Gabriel) (Entered: 08/16/2023) |
| 08/16/2023 | 53 | REPLY to opposition to motion 54 Cross MOTION to Dismiss, MOTION for Summary Judgment filed by SALIX PHARMACEUTICALS, INC.. (Salmons, David) Modified on 8/17/2023 to correct event/ docket link/text (zjm). (Entered: 08/16/2023) |
| 08/16/2023 | 55 | SEALED DOCUMENT filed by NORWICH PHARMACEUTICALS, INC.. (This document is SEALED and only available to authorized persons.)(zjm) (Entered: 08/17/2023) |
| 08/17/2023 | 56 | MOTION to Intervene *as Defendants* by TEVA PHARMACEUTICALS USA, INC.. (Attachments: # 1 Certificate of Corporate Disclosure, # 2 Proposed Order)(Burgess, Brian) (Entered: 08/17/2023) |
| 08/17/2023 | 57 | NOTICE of Appearance by Brian T Burgess on behalf of TEVA PHARMACEUTICALS USA, INC. (Burgess, Brian) (Entered: 08/17/2023) |
| 08/18/2023 | | MINUTE ORDER: Upon consideration of Teva Pharmaceuticals's motion to intervene, Dkt. 56 , it is hereby ORDERED that Norwich Pharmaceuticals shall respond to the motion on or before August 23, 2023. It is further ORDERED that the parties and the proposed intervenor shall submit a joint status report on or before August 25, 2023, addressing whether further briefing is necessary regarding first–filer exclusivity and if so, proposing a briefing schedule. Signed by Judge Randolph D. Moss on 8/18/2023. (lcrdm1) (Entered: 08/18/2023) |
| 08/23/2023 | 58 | Memorandum in opposition to re 56 Motion to Intervene filed by NORWICH PHARMACEUTICALS, INC.. (Attachments: # 1 Exhibit)(Landmon, Chad) (Entered: 08/23/2023) |
| 08/25/2023 | 59 | Joint STATUS REPORT by TEVA PHARMACEUTICALS USA, INC.. (Burgess, Brian) (Entered: 08/25/2023) |
| 08/29/2023 | 60 | REPLY to opposition to motion re 56 MOTION to Intervene *as Defendants* filed by TEVA PHARMACEUTICALS USA, INC.. (Burgess, Brian) (Entered: 08/29/2023) |
| 10/04/2023 | | MINUTE ORDER: Due to numerous requests from the press and public about whether the motions hearing on October 6, 2023, will be virtually broadcast, the Court intends to permit members of the public to dial into a |

| | | |
|---|---|---|
| | | teleconference to listen to the proceedings. The parties are hereby ORDERED to inform the Court on or before October 4, 2023, of any objections they may have to permitting remote access in such a fashion. The Court hereby PROHIBITS those who make use of the dial–in from recording or rebroadcasting the proceedings in any many whatsoever. Signed by Judge Randolph D. Moss on 10/4/2023. (lcrdm1) (Entered: 10/04/2023) |
| 10/05/2023 | | MINUTE ORDER: On October 6, 2023 at 11:00 a.m. in Courtroom 8 the Court will hold a motions hearing to hear argument on Plaintiff's motion for a preliminary injunction, which has been consolidated for a full consideration of the merits, Dkt. 4 , Defendants' cross–motion for summary judgment, Dkt. 37 , and Intervenor's cross–motion to dismiss, or, in the alternative, for summary judgment, Dkt. 39 . Members of the public who wish to listen to the hearing live may dial into a teleconference. The dial–in number may be found at: https://www.dcd.uscourts.gov/covid–19–emergency–public–access–teleconference–information–for–judges. The Court hereby PROHIBITS those who make use of the dial–in from recording or rebroadcasting the proceedings in any many whatsoever.Signed by Judge Randolph D. Moss on 10/5/2023. (lcrdm1) (Entered: 10/05/2023) |
| 10/06/2023 | | MINUTE ORDER: Upon consideration of Teva Pharmaceutical's motion to intervene, Dkt. 56 , it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. Teva bases its motion to intervene on its understanding that "Norwich Pharmaceuticals, Inc. is... seeking an order compelling the [FDA] to grant immediate approval to its application to market a generic version of rifaximin, which would have the effect of voiding Teva's statutory exclusivity." Dkt. 56 at 6; see 21 U.S.C. § 355(j)(5)(B)(iv). Norwich, however, states that it "is not asking this Court to order FDA to conclude that Teva has forfeited its exclusivity" and instead asks this Court to remand the case to FDA to resolve any issues relating to Teva's exclusivity within ten business days. Dkt. 58 at 6–7. At a hearing held before this Court on October 6, 2023, Teva responded that ten business days is an insufficient amount of time for the FDA to determine whether Teva is entitled to a period of exclusivity and therefore granting Norwich the relief it seeks would impair a legally protected interest it has in the exclusivity period.In light of Norwich's statement that it is not asking this Court to determine whether Teva is entitled to a period of exclusivity pursuant to 21 U.S.C. § 355(j)(5)(B)(iv), this Court concludes that Teva's motion to intervene is denied as Teva does not have a protected interest in the outcome of this litigation. In so ruling, however, the Court acknowledges that Teva may have a protected interest in the remedy the Court fashions if the Court contemplates remanding this case to the FDA for a limited of period of time to adjudicate the exclusivity issue. If the Court contemplates such a remand, the Court will permit Teva to intervene in those circumstances for the limited purpose of addressing that issue. Signed by Judge Randolph D. Moss on 10/6/2023. (lcrdm1) (Entered: 10/06/2023) |
| 10/06/2023 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 10/6/2023 re 56 MOTION to Intervene *as Defendants* filed by TEVA PHARMACEUTICALS USA, INC. (Defendants stipulation to be filed on or before 10/10/2023). (Court Reporter Tammi Sefranek) (zglw) (Entered: 10/12/2023) |
| 10/09/2023 | 61 | ENTERED IN ERROR.....NOTICE OF SUPPLEMENTAL AUTHORITY by SALIX PHARMACEUTICALS, INC. (Attachments: # 1 Exhibit Stipulation and Order in re Salix et al. v. Norwich (20–430, D. Del.))(Salmons, David); Modified on 10/10/2023 to correct date filed (ztth). Modified on 10/10/2023 (zjm). (Entered: 10/10/2023) |
| 10/10/2023 | | NOTICE OF ERROR regarding 61 NOTICE OF SUPPLEMENTAL AUTHORITY,. The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). Please refile in pleading format. (zjm) (Entered: 10/10/2023) |
| 10/10/2023 | 62 | NOTICE OF SUPPLEMENTAL AUTHORITY by SALIX PHARMACEUTICALS, INC. (Attachments: # 1 Exhibit Stipulation and [Proposed] Order in re Salix Pharmaceuticals, Ltd., et al. v. Norwich Pharmaceuticals, Inc. (20–430, D. Del.))(Salmons, David) (Entered: 10/10/2023) |

| 10/13/2023 | 63 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NORWICH PHARMACEUTICALS, INC.. Attorney Gabriella McIntyre terminated. (McIntyre, Gabriella) (Entered: 10/13/2023) |
|---|---|---|
| 10/16/2023 | 64 | RESPONSE re 62 NOTICE OF SUPPLEMENTAL AUTHORITY filed by NORWICH PHARMACEUTICALS, INC.. (Landmon, Chad) (Entered: 10/16/2023) |
| 11/01/2023 | 65 | MEMORANDUM OPINION: For reasons stated in this Memorandum Opinion, Plaintiff's motion for a preliminary injunction, Dkt. 4 , is DENIED, and the FDA's and Salix's cross−motions for summary judgment, Dkt. 37 ; Dkt. 54 , are GRANTED. A separate order will issue. See document for details. Signed by Judge Randolph D. Moss on 11/1/2023. (lcrdm1) (Entered: 11/01/2023) |
| 11/01/2023 | 66 | ORDER: For the reasons stated in the accompanying Memorandum Opinion, Dkt. 65 , Plaintiff's motion for a preliminary injunction, Dkt. 4 , is DENIED, and the FDA's and Salix's cross−motions for summary judgment, Dkt. 37 ; Dkt. 54 , are GRANTED. See documents for details. Signed by Judge Randolph D. Moss on 11/1/2023. (lcrdm1) (Entered: 11/01/2023) |
| 11/01/2023 | 67 | SEALED MEMORANDUM OPINION: For reasons stated in this Sealed Memorandum Opinion, Plaintiffs motion for a preliminary injunction, Dkt. 4, is DENIED, and the FDAs and Salixs cross−motions for summary judgment, Dkt. 37; Dkt. 54, are GRANTED. A separate order will issue. See document for details. (This document is SEALED and only available to authorized persons.)Signed by Judge Randolph D. Moss on 11/1/2023. Copies mailed to the parties.(zglw) (Entered: 11/01/2023) |
| 12/04/2023 | | MINUTE ORDER: The Clerk of Court is hereby directed to terminate this case. Signed by Judge Randolph D. Moss on 12/4/2023. (lcrdm1) (Entered: 12/04/2023) |
| 12/29/2023 | 68 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 66 Order, 65 Order on Motion for Summary Judgment,, Order on Motion for Preliminary Injunction,, Order on Motion to Dismiss,,, by NORWICH PHARMACEUTICALS, INC.. Filing fee $ 605, receipt number ADCDC−10586709. Fee Status: Fee Paid. Parties have been notified. (Landmon, Chad) (Entered: 12/29/2023) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NORWICH PHARMACEUTICALS, INC.,

*Plaintiff*,

v.

XAVIER BECERRA, in his official capacity as
Secretary of Health and Human Services,

ROBERT M. CALIFF, M.D., in his official
capacity as Commissioner of Food and Drugs,

and

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

*Defendants*,

and

SALIX PHARMACEUTICALS, INC.,

*Intervenor-Defendant.*

Civil Action No. 1:23-cv-01611-RDM

## NOTICE OF APPEAL

Plaintiff Norwich Pharmaceuticals, Inc. ("Norwich"), hereby gives notice that it appeals

to the United States Court of Appeals for the District of Columbia Circuit this Court's final,

appealable Memorandum Opinion (ECF No. 65) and Order (ECF No. 66), both entered in this

action on November 1, 2023: (a) denying Plaintiff's motion for a preliminary injunction, which

had been converted into a motion for summary judgment, and (b) granting FDA's and Salix's

cross-motions for summary judgment.

Dated: December 29, 2023         Respectfully submitted,

AXINN, VELTROP & HARKRIDER LLP

/s/ *Chad A. Landmon*
_____
Chad A. Landmon (DC Bar No. 990347)
Matthew J. Becker (admitted *pro hac vice*)
Mattew S. Murphy (admitted *pro hac vice*)
Aaron Z. Savit (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T: (860) 275-8100
F: (860) 275-8101
clandmon@axinn.com
mbecker@axinn.com
mmurphy@axinn.com
asavit@axinn.com

Ross E. Blau (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
T: (212) 728-2200
rblau@axinn.com
*Attorneys for Plaintiff Norwich*
*Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel herby certifies that on December 29, 2023, the foregoing

document was electronically filed with the Clerk of the Court using the CM/ECF system, and

that a copy was served upon counsel of record via the Court's CM/ECF system.


/s/ *Chad A. Landmon*
Chad A. Landmon
*Attorney for Plaintiff Norwich Pharmaceuticals, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NORWICH PHARMACEUTICALS, INC.,

      *Plaintiff*,

    v.

XAVIER BECERRA,
*Secretary of Health and Human Services,*
*et al.*,

      *Defendants*.

Civil Action No. 23-1611 (RDM)

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction, Dkt. 4, is **DENIED**, and the

FDA's and Salix's cross-motions for summary judgment, Dkt. 37; Dkt. 54, are **GRANTED**.

This Order constitutes the final judgment of the Court within the meaning of Federal Rule

of Civil Procedure 58(a).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:   November 1, 2023

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> XAVIER BECERRA, <br> *Secretary of Health and Human Services,* <br> *et al.,* <br><br> *Defendants.* | Civil Action No. 23-1611 (RDM) |

### <u>MEMORANDUM OPINION</u>

Battles over the entry of generic drugs to market are often hard fought, particularly in cases involving brand-named drugs with annual sales that substantially exceed $1 billion. *See* Dkt. 1 at 11 (Compl. ¶ 41). This is a case in point.

Defendant-Intervenor Salix Pharmaceuticals, Inc. ("Salix") currently markets rifaximin (under the brand name Xifaxan) for the treatment of irritable bowel syndrome with diarrhea ("IBS-D") and the reduction of risk of hepatic encephalopathy ("HE") recurrence in adults. Dkt. 1 at 3, 11 (Compl. ¶¶ 10, 39); Dkt. 12-1 at 3. Plaintiff Norwich Pharmaceuticals, Inc. ("Norwich") wants to market a generic version of the drug. Dkt. 1 at 24 (Compl.). But before it may do so, it must obtain final Food and Drug Administration ("FDA") approval of its Abbreviated New Drug Application ("ANDA") for the drug. *See* 21 U.S.C. § 355. Obtaining approval of an ANDA, however, requires more than evidence of bioequivalence, safe manufacturing procedures, and proper labeling. The generic drug applicant must also work its way through a maze rules that lie at the intersection of FDA regulation and the patent laws.

1

Here, that maze began with the filing of Norwich's original ANDA, which identified twenty-three patents that, according to Salix, protected Xifaxan from competition. Dkt. 4-1 at 14. That filing constituted an act of patent infringement, leading Salix to initiate infringement litigation against Norwich. *Id.* at 17. Over the course of the litigation, the field of dispute narrowed, ultimately leading to a district court decision that invalidated two drug substance patents and the two method-of-use patents covering the IBS-D indication. Dkt. 4-4 at 47. But the district court found that Salix's three HE method-of-use patents were valid and infringed. *Id.* Based on that finding, the court entered an order directing "that the effective date of any final approval order of the [FDA] of Norwich's ANDA . . . is to be the date not earlier than the expiration of the" HE method-of-use patents—that is, October 2, 2029. Dkt. 4-5 at 3.

That, however, was not the end of the road for Norwich. In light of the district court's decision, it returned to the FDA and filed an amended ANDA, which omitted the HE indication from its proposed label, and it filed a motion under Federal Rule of Civil Procedure ("Rule") 60(b) in the district court seeking to modify the judgment to permit the FDA to approve the amended ANDA without delay. Dkt. 4-1 at 18–19. The district court denied that motion, Dkt. 51 at 113–16, and Norwich appealed the scope of the district court's final judgment to the Federal Circuit. Dkt. 4-10 at 2. (Salix, for its part, cross-appealed the district court's invalidity findings.) The FDA, then, tentatively approved Norwich's ANDA, but it declined to grant final approval (that is, the approval necessary to go to market) before October 2, 2029, in compliance with the agency's reading of the district court's final judgment. Dkt. 51 at 119, 121.

That brings us to this case, in which Norwich challenges the FDA's decision only tentatively—and not finally—to approve Norwich's amended ANDA. Dkt. 1 at 23–24 (Compl. ¶¶ 95–103). Invoking the Administrative Procedure Act ("APA"), Norwich maintains that the

FDA's "grant of tentative rather than final approval of Norwich's [a]mended ANDA is arbitrary, capricious, and contrary to law," *id.* at 24, and it seeks injunctive and declaratory relief directing the FDA immediately to approve Norwich's amended ANDA, *id.*, so that the drug can go to market. In Norwich's view, the FDA misread the district court's order and, instead, should have read it to apply only to the company's original ANDA, which included the HE indication. On the same day that Norwich filed suit, it moved for a preliminary injunction. Dkt. 4. The FDA and Salix oppose that motion; the FDA has cross-moved for summary judgment, Dkt. 37; and Salix has both cross-moved for summary judgment and, in the alternative, moved to dismiss, Dkt. 54. At the parties' request, the Court consolidated the hearing on Norwich's motion for a preliminary injunction with proceedings on the merits pursuant to Rule 65(a).

For the reasons explained below, the Court will **DENY** Norwich's motion for a preliminary injunction and will **GRANT** the FDA and Salix's cross-motions for summary judgment.

## I. BACKGROUND

### A.    Statutory Background

To obtain approval to market a new drug, the manufacturer must submit a new drug application ("NDA") to the FDA demonstrating, among other things, that the new drug is safe and effective. 21 U.S.C. § 355(b)(1). The NDA must also include "the patent number and expiration date of each patent for which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner of the patent engaged in the manufacture, use, or sale of the drug." *Id.*; *see Caraco Pharm. Lab'ys, Ltd. v. Forest Lab'ys*, Inc., 527 F.3d 1278, 1282 (Fed. Cir. 2008). This listing can include patents that "protect[] the drug compound itself" and those that "gives the [drug] manufacturer exclusive rights over a particular method of using

the drug." *Caraco Pharm. Lab'ys, Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 405 (2012). Once

the NDA is approved, the drug becomes a "listed drug" and all associated patents are listed in the

"Approved Drug Products with Therapeutic Equivalence Evaluations" or, as it is commonly

known due to its orange cover, the "Orange Book." *See Mylan Labs. Ltd. v. FDA*, 910 F. Supp.

2d 299, 301 (D.D.C. 2012).

In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act,

Pub. L. No. 98–417, 98 Stat. 1585 (1984), popularly known as the "Hatch–Waxman Act." The

Hatch-Waxman Act aims to strike "a balance between two competing policy interests: (1)

inducing pioneering research and [the] development of new drugs and (2) enabling competitors

to bring low-cost, generic copies of those drugs to market." *Andrx Pharms., Inc. v. Biovail

Corp.*, 276 F.3d 1368, 1371 (Fed. Cir. 2002). To that end, the Hatch-Waxman Act streamlined

the process for bringing generic versions of previously approved drugs to market by creating the

abbreviated new drug application—or ANDA—process, which permits the generic manufacturer

to "piggyback[ ] on the original manufacturer's evidence of safety and efficacy," *Teva Pharm.,

USA, Inc. v. Leavitt*, 548 F.3d 103, 104 (D.C. Cir. 2008), thereby avoiding the "need [to] conduct

its own" costly clinical trials, *Mylan Lab'ys, Inc. v. Thompson*, 389 F.3d 1272, 1275 (D.C. Cir.

2004). To obtain FDA approval for a generic drug, the ANDA must demonstrate, among other

things, that the generic version of the drug is "bioequivalent" to the listed drug and, at least in the

ordinary course, that the labeling for the generic version is "the same as the labeling approved

for the listed drug." 21 U.S.C. §355(j)(2)(A). As explained further below, however, the

proposed ANDA labeling may—at times—carve out certain methods of use to avoid patent

infringement. *See Caraco Pharm. Lab'ys*, 566 U.S. at 406.

Of particular relevance here, the ANDA must also contain "one of four certifications addressing each Orange-Book-listed patent associated with the listed drug." *Caraco Pharm. Lab'ys.*, 527 F.3d at 1282. For "each patent which claims the listed drug . . . or which claims a use for such listed drug for which the applicant is seeking approval," the ANDA must contain a certification:

(I)    that [the required] patent information has not been filed [with the FDA];

(II)   that such patent has expired;

(III)  of the date on which such patent will expire; or

(IV)   that such patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted.

21 U.S.C. § 355(j)(2)(A)(vii). "This certification is significant, in that it determines the date on which approval of an ANDA . . . can be made effective, and hence the date on which commercial marketing may commence." *Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 677 (1990). If the applicant makes the first or second certification in its ANDA, "approval can be made effective immediately." *Id.* (citing § 355(c)(3)(A), 355(j)(4)(B)(i)). If the applicant makes the third certification, "approval of the application can be made effective as of the date the patent expires." *Id.* (citing § 355(c)(3)(B), 355(j)(4)(B)(ii). If, however, the applicant relies on the fourth certification—a so-called "Paragraph IV certification"—then a process to adjudicate a potential patent dispute is triggered and the outcome of that dispute will determine the effective date of the ANDA. *Purepac Pharm. Co. v. Thompson*, 354 F.3d 877, 879 (D.C. Cir. 2004) ("In essence, applicants use paragraph IV certifications to challenge the validity of brand-name manufacturers' patents.").

As an alternative to a Paragraph IV certification, a drug company seeking approval for a generic drug may include a "section viii statement, which asserts that the generic manufacturer

will market the drug for one or more methods of use not covered by [the listed] patents." *Caraco Pharm. Lab'ys*, 566 U.S. at 406 (citing 21 U.S.C. § 355(j)(2)(A)(viii)).  "For example, if a brand-name manufacturer's patent covers a drug's use for treating depression, and the ANDA applicant seeks approval to use the drug to treat any other condition, then a section viii statement would be appropriate." *Purepac Pharm.*, 354 F.3d at 880.  In short, "applicants use [P]aragraph IV certifications to challenge the validity of admittedly applicable patents, they use section viii statements to assert that patents do not apply." *Id.*  "A section viii statement is typically used when the [listed] patent on the drug compound has expired and [the manufacturer] holds patents on only some [but not all] approved methods of using the drug." *Caraco Pharm. Lab'ys*, 566 U.S. at 406.  Along with the section viii statement, the ANDA must also include a proposed label for the generic drug that "carves out" from the listed drug's approved label the still-patented methods of use. *Id.* (citing 21 CFR § 314.94(a)(8)(iv)).  As noted above, "[t]he FDA may approve such a modified label as an exception to the usual rule that a generic drug must bear the same label as the brand-name product." *Id.* (citing 21 U.S.C. § 355(j)(2)(A)(v), (j)(4)(G)); *Purepac Pharm.*, 354 F.3d at 880 ("The FDA has long required that for every patent ANDA applicants use either a paragraph IV certification or a section viii statement—they may not use both.  As the FDA puts it, 'either the applicant is seeking approval for the use claimed in the patent, or it is not.'" (quoting *TorPharm, Inc. v. Thompson*, 260 F. Supp. 2d 69, 77 (D.D.C. 2003))).

If the generic applicant does not pursue the section-viii-statement route and instead relies on a Paragraph IV certification in its ANDA, it "must provide [a] notice of [its] Paragraph IV certification to both the patent owner and the NDA holder," which explains "the factual and legal basis for the opinion of the applicant that the patent is invalid or will not be infringed." *Caraco*

6

*Pharm. Lab'ys*, 527 F.3d at 1283 (quoting 21 U.S.C. § 355(j)(2)(B)(iv)(II)). Because "the mere act of filing a Paragraph IV ANDA constitutes an act of patent infringement," the patent holder has the option at this point of filing an infringement action in a federal district court against the ANDA filer. *Id.* (citing 35 U.S.C. § 271(e)(2)). If the patent owner or NDA holder does not do so, the FDA's approval of the ANDA "shall be made effective immediately." 21 U.S.C. § 355(j)(5)(B)(iii). But if the patent owner or NDA holder brings suit within 45 days of receiving notice of the Paragraph IV certification, "'the approval shall be made effective upon the expiration of [a] thirty-month period beginning on the date of the receipt of the notice,' unless the district court rules on the infringement claim within the 30-month period." *Mylan Lab'ys*, 389 F.3d at 1275 (quoting 21 U.S.C. § 355(j)(5)(B)(iii)).

"If the district court issues a ruling during the 30-month . . . period, the ANDA approval date is determined by the decision of the district court, or the appellate court if appealed." *Id.* Multiple possibilities exist. Unsurprisingly, "[i]f before the expiration of [the thirty-month] period the district court decides that the patent is invalid or not infringed . . . , the approval shall be made effective on the date on which the court enters judgment reflecting the decision." 21 U.S.C. § 355(j)(5)(B)(iii)(I)(aa). Alternatively, if "the district court decides that the patent has been infringed" and "if the judgment of the district court is appealed, the approval shall be made effective on the date on which the court of appeals decides that the patent is invalid or not infringed." *Id.* § 355(j)(5)(B)(iii)(II)(aa)(AA). Finally, if "the district court decides that the patent has been infringed" and "if the judgment of the district court is not appealed or is

7

affirmed, the approval shall be made effective on the date specified by the district court in a court order under section 271(e)(4)(A) of Title 35." *Id.* § 355(j)(5)(B)(iii)(II)(bb).[1]

If "an applicant who has submitted a [P]aragraph IV certification . . . is sued for patent infringement" and "if a court enters a final decision from which no appeal has been or can be taken . . . that includes a finding that the patent is infringed," FDA regulations require the ANDA applicant to "submit an amendment to change its certification." 21 C.F.R. § 314.94(a)(12)(viii)(A). The applicant can either certify "under paragraph (a)(12)(i)(A)(3) . . . that the patent will expire on a specific date [(i.e., a Paragraph III certification)]" or, "with respect to a patent claiming a method of use, the applicant may instead provide a statement under paragraph (a)(12)(iii) of this section if the applicant amends its ANDA such that the applicant is no longer seeking approval for a method of use claimed by the patent." *Id.* Paragraph (a)(12)(iii), in turn, implements the section-viii-statement escape hatch and permits the ANDA filer to explain "that the [a listed] method-of-use patent does not claim" a use for which the applicant is seeking approval. 21 C.F.R. § 314.94(a)(12)(iii)(A); *see also* 21 U.S.C. § 355(j)(2)(viii). "Once an amendment for the change has been submitted, the ANDA will no longer be considered to contain a [P]aragraph IV certification to the patent." *Id.*

Finally, "[i]n order to encourage [P]aragraph IV challenges, thereby increasing the availability of low-cost generic drugs, the [Food, Drug, and Cosmetic Act] provides that the first company to win FDA approval of an ANDA containing a [P]aragraph IV certification has the right to sell its drug without [generic] competition for 180 days." *Purepac Pharm.*, 354 F.3d at

---

[1] FDA regulations mirror this statutory language and provide that "[i]f before the expiration of the 30–month period . . . the district court decides that the patent has been infringed, and if the judgment of the district court is not appealed or is affirmed, the . . . ANDA may be approved no earlier than the date specified by the district court in an order under 35 U.S.C. 271(e)(4)(A)." 21 C.F.R. § 314.107(b)(1)(iv).

879 (quoting 21 U.S.C. § 355(j)(5)(B)(iv)); *Amneal Pharms. LLC v. Food & Drug Admin.*, 285
F. Supp. 3d 328, 334 (D.D.C. 2018) ("To 'compensate [generic] manufacturers for research and
development costs as well as the risk of litigation from patent holders,' Congress enacted an
incentive for generic drug manufacturers to submit ANDAs and, if necessary, to engage in patent
litigation." (quoting *Teva Pharm., USA, Inc. v. Leavitt*, 548 F.3d 103, 104 (D.C. Cir. 2008))).
"The statute and the implementing regulation create this exclusivity period by prohibiting the
FDA from approving any other ANDA that contains a [P]aragraph IV challenge to the same
patent until 180 days after the first [ANDA filer] markets its drug or 180 days after the first
[filer] wins a patent-infringement suit involving that patent, whichever comes first." *Purepac
Pharm. Co. v. Thompson*, 354 F.3d at 880 (citing 21 C.F.R. § 314.107(c)(1)). In contrast, the
approval of an ANDA with "a section viii statement does not entitle a successful applicant to the
180–day period of exclusivity bestowed on [P]aragraph IV applicants." *Id.*

## B.    Factual Background

Norwich filed its original ANDA for a generic form of rifaximin in December 2019. Dkt.
4-1 at 16. That ANDA contained Paragraph IV certifications for twenty-three listed patents.
After receiving notice of Norwich's Paragraph IV certifications, Salix filed a timely patent
infringement action in the U.S. District Court for the District of Delaware (the "Delaware
District Court"). *See Salix Pharmaceuticals, Ltd. et al v. Norwich Pharmaceuticals, Inc.*, 20-cv-
430 (D. Del.) (hereafter "*Norwich I*"). Salix's complaint asserted all twenty-three patents, but
during the litigation, the parties narrowed the field of dispute to seven patents by stipulating to
the entry of "[a] final judgment of noninfringement . . . with respect to Norwich's current ANDA
No. 214369, including the current ANDA Product and any use of the current ANDA Product,
concerning each claim of the" remaining sixteen patents. *Norwich I*, Dkt. 180 at 1–2. The

stipulation defined "Norwich's current ANDA No. 214369" and "current ANDA Product" to "include[] any amendments or supplements to the ANDA that do not change the indications of use, the polymorph forms, or the formulation, and include[] any amendments or supplements to the label that are required due to an amendment or supplement to the Xifaxan label." *Id.* at 2 n.1.

The seven disputed patents fell into three categories: (1) drug substance and product patents; (2) method-of-use patents covering the HE indication; and (3) method-of-use patents covering the IBS-D indication. After a four-day bench trial, the Delaware District Court issued an opinion on August 10, 2022 finding that (1) the drug substance and product patents were invalid as obvious, (2) the method-of-use patents covering the HE indication were valid and infringed by Norwich's ANDA, and (3) the method-of-use patents covering the IBS-D indication were invalid as obvious. Dkt. 4-4 at 47.

Prior to issuing its final judgment, the Delaware District Court ordered the parties to "meet and confer and file a joint proposed final judgment." *See Norwich I*, July 28, 2022 Min. Order. In response, the parties presented starkly contrasting views about "whether the Court should determine now if Norwich's ANDA would induce infringement in the future based on hypothetical changes Norwich may make to its ANDA (which [at that time was] still under review and lacks tentative approval)." *Norwich I*, Dkt. 196 at 2. Salix challenged Norwich's proposed final judgment on the ground that it

> would automatically allow the FDA to approve [the pending] ANDA if Norwich were to amend it to carve out the HE indication (i.e., a label that is different from the one litigated by the parties) without any further action by [the Delaware District Court], by limiting the relief under § 271(e)(4)(A) (setting the date of earliest ANDA approval) to only an "ANDA with proposed labeling containing the indication 'reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults."

10

*Id.* Salix argued that that would be "improper because[,] under § 271(e)(4)(A), the date of approval is tied to the drug product, not an indication." *Id.* Instead, Salix argued, the court's order and judgment should "apply to 'Norwich's ANDA,' period." *Id.* According to Salix's submission, "'Norwich's ANDA' served as the act of infringement under § 271(e)(2)(A) giving rise to jurisdiction, not a particular indication. The parties litigated and the [Delaware District Court] asked the parties to assume that it decided that 'Norwich's ANDA' would induce infringement of the Asserted HE Patents." *Id.*

Unsurprisingly, Norwich took a very different view. It argued:

> Salix's assertion that Norwich's proposed judgment seeks an advisory opinion is erroneous. In fact, the opposite is true. Norwich's proposed judgment is based on only what has been adjudicated by this Court—that the HE indication in Norwich's label induces infringement of the HE patents and that the HE patents are valid. In contrast, by ordering that FDA delay the effective date of approval of Norwich's ANDA regardless of whether the ANDA contains an indication directed to HE, Salix seeks a judgment that deems any label proposed in Norwich's ANDA infringing. Yet, Salix is not entitled to such broad or speculative relief because that issue exceeds the scope of jurisdiction of this Court.

> This is especially true where the law permits ANDA applicants to carve out an indication from the drug label. 21 U.S.C. § 355(j)(2)(A)(viii). If Norwich were to carve out the HE indication from its proposed ANDA labeling, then the predicate for delaying the approval of Norwich's ANDA until after the expiration of the asserted HE patent claims under Section 271(e) would no longer exist. Norwich does not ask this Court to enter judgment regarding, or "pre-approve," a proposed "skinny" label for only the IBS-D indication. It asks this Court to reject any proposed judgment that presupposes labeling excluding the HE indication would infringe the asserted HE patent claims[] or [that] precludes Norwich's ability to seek a skinny label.

*Id.* at 5.

After considering the parties' submissions, the Delaware District Court issued an order, which provided, in relevant part, as follows:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of

> Norwich's ANDA No. 214369 is to be a date not earlier than the date of
> expiration of the last to expire of the '573, '195, and '397 Patents (currently
> October 2, 2029) [(the HE method-of-use patents)], plus any regulatory
> exclusivity to which Plaintiffs are or become entitled.

Dkt. 4-5 at 3.  In a memorandum accompanying this order, the Delaware District Court explained

that it chose this formulation because:

> [t]he scope of my ruling is that the HE patents are not invalid, and that the HE
> indication would infringe the HE patents.  Norwich's proposed ANDA has the
> HE indication.  I cannot rule on facts that are not before me.  That Norwich may
> seek to carve out the HE indication as permitted by 21 U.S.C.
> § 355(j)(2)(A)(viii) is immaterial to this analysis.  That label is not before me.

Dkt. 4-6 at 3.

Following this decision, Norwich took steps to fill that vacuum.  It submitted "a Patent

and Labeling Amendment" to its ANDA, in which it withdrew its Paragraph IV certifications

regarding the HE method-of-use patents and substituted a section viii statement in their place.

Dkt. 51 at 55–57 (A.R. 301–303).  Then, the next day, Norwich filed a Rule 60(b) motion in the

Delaware District Court, seeking to modify the court's order and final judgment.[2]  In particular,

Norwich sought "to modify a portion of the [Delaware District Court's] Final Judgement . . . by

limiting the order under Section 271(e)(4)(A) that is blocking the approval of Norwich's ANDA

until the expiration of the . . . HE Patents directed to hepatic encephalopathy."  Dkt. 51 at 23

(A.R. 269).  In support of this request, Norwich provided the court with a copy of its amendment

and the revised label, and it argued that because the new, proposed label excluded the HE

---

[2] Under Rule 60(b), a "court may relieve a party . . . from a final judgment, order, or
proceeding," due to: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly
discovered evidence" under certain circumstances; (3) fraud . . . , misrepresentation, or
misconduct by an opposing party;" (4) a "void" judgment; (5) the satisfaction, release, or
discharge of a judgment; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

indication, "the predicate for ordering [the] FDA to delay the effective date of the approval of Norwich's ANDA . . . no longer exists." *Id.*

The Delaware District Court was unpersuaded for three reasons. First, that court disagreed that Norwich's decision to carve-out the HE indication, even if the carve-out was done properly, constituted "a significant change in circumstances" sufficient to warrant relief under Rule 60(b)(5). Dkt. 51 at 113–14 (A.R. 359–60). Rather, the court concluded, Norwich's decision to amend it ANDA was "simply a voluntary decision of the trial loser to change course, which is neither unanticipated nor unforeseeable" and therefore outside the ambit of Rule 60(b)(5). *Id.*

Second, the court observed that "[i]t is not a simple matter to determine whether an ANDA applicant has successfully carved out language from a label to turn infringement into non-infringement" and that Norwich "presented no evidence in support of its assertion" that it had properly done so. *Id.* at 115 (A.R. 361). The court also stressed that Rule 60(b) is not an invitation to relitigate issues that were or could have been resolved at trial and that Norwich had failed to present any basis to conclude "that it could not have litigated the carve-out or that it was denied a full and fair opportunity to do so." *Id.* In response to Norwich's contention that Salix had not even "tried to state a claim against the carve out," the court merely observed that it was "unpersuaded that [Salix] [had] some duty . . . to state a claim on something that [Norwich] never raised as an issue before entry of final judgment." *Id.* In short, in the view of the Delaware District Court, Norwich's Rule 60(b) motion amounted to a request for "a second litigation," a door that the court was unprepared to open based on Norwich's minimal showing. *Id.*

13

Finally, the Delaware District Court noted that Norwich's request was "unprecedented in an ANDA case." *Id.* at 116 (A.R. 362). Against this backdrop, the court wrote: "I am hesitant to be the first, because it seems wrong to me that [Norwich] can litigate a case through trial and final judgment based on a particular ANDA, and then, after final judgment, change the ANDA to what it wishes it had started with, and win in a summary proceeding." *Id.*

Both Norwich and Salix have appealed aspects of the Delaware District Court's judgment to the Federal Circuit. Norwich has appealed the court's final judgment "to the extent that it bars the U.S. Food and Drug Administration from approving Norwich's ANDA No. 214369 ('ANDA') prior to the expiration of [the HE indication method-of-use patents] when the ANDA does not contain a Paragraph IV patent certification to any of those patents," Dkt. 4-10 at 2, and, instead, includes a paragraph viii statement. Salix, in turn, has appealed the final judgment to the extent the Delaware District Court found that Salix's IBS-D method-of-use patents and its drug substance and product patents are invalid. *Norwich I*, Dkt. 198 at 1.

After both parties noticed their appeals to the Federal Circuit, the FDA granted "tentative approval" to Norwich's ANDA on June 2, 2023. FDA regulations explain that "[t]entative approval is notification that an NDA or ANDA otherwise meets the requirements for approval under the Federal Food, Drug, and Cosmetic Act, but cannot be approved . . . because a court order pursuant to 35 U.S.C. 271(e)(4)(A) orders that the NDA or ANDA may be approved no earlier than the date specified." 21 C.F.R. § 314.3(b). "A drug product that is granted tentative approval is not an approved drug and will not be approved until FDA issues an approval letter after any necessary additional review of the NDA or ANDA." *Id.*

The FDA explained that it was "unable to grant final approval to [Norwich's] ANDA at this time" for the following reasons:

14

> [Norwich's] ANDA contains paragraph IV certifications under section 505(j)(2)(A)(vii)(IV) of the FD&C Act stating that the patents are invalid, unenforceable, or will not be infringed by your manufacture, use, or sale of Rifaximin Tablets, 550 mg, under this ANDA. . . . Litigation was initiated within the statutory 45-day period against Norwich for the infringement of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '452, '231, '968, '195, '397 and '384 patents in the United States District Court for the District of Delaware . . . .  [Norwich] notified the Agency that on August 10, 2022, the court decided, "Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled.  Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs)."  [Norwich] further notified the Agency that on May 17, 2023, the court denied Norwich's Rule 60(b) motion to modify the final judgment.  Therefore, final approval cannot be granted until October 2, 2029 as specified in the court order.

Dkt. 51 at 119, 121 (A.R. 365, 367).  In reaching this conclusion, the FDA acknowledged that Norwich had sought to carve-out the HE indication from its amended ANDA.  The agency observed that "with respect to" the '573, '195, and '397 patents, which the Delaware District Court found that Norwich's original ANDA infringed, Norwich's amended ANDA "contains [paragraph viii statements representing that] these are method-of-use patents that do not claim any indication for which you are seeking approval under [its] ANDA." *Id.* at 120–21 (A.R. 367–68); *see also id.* at 123 n.2 (A.R. 369).  But, notwithstanding that acknowledgement, the FDA failed to grant final approval to Norwich's amended ANDA.

## C.     Procedural History

Disappointed by that decision, Norwich brought this suit on June 6, 2023.  Dkt. 1.  It alleges that the FDA's decision "refus[ing] to grant Norwich's amened ANDA final approval[,] despite a properly-filed statement under 21 C.F.R. § 314.94(a)(12)(viii)(A) that it is not seeking FDA approval for a patented method of use" was "arbitrary, capricious, and unlawful." *Id.* at 2

15

(Compl. ¶ 1). It seeks both a declaratory judgment and "an injunction directing [the] FDA to immediately grant Norwich's [a]mended ANDA final approval." *Id.* at 3 (Compl. ¶10). The same day that it initiated the action, Norwich moved for a preliminary injunction. Dkt. 4.

In a joint status report filed on June 12, 2023, the parties urged the Court to consolidate Norwich's motion for a preliminary injunction "with a full consideration of the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure" in order "to conserve judicial and party resources." Dkt. 8 at 1. That same day, Salix moved to intervene as a defendant, Dkt. 12, and the Court subsequently granted that motion, *see* June 18, 2023 Min. Order. The Court also granted the parties' joint motion to consolidate the pending motion for a preliminary injunction with consideration of the merits of the action and set a schedule for further briefing, *see* June 18, 2023 Min. Order.[3]

Now pending before the Court are Norwich's motion for a preliminary injunction and consolidated motion for judgment on the merits, the FDA's cross-motion for summary judgment, and Salix's cross-motion to dismiss or, in the alternative motion, for summary judgment. *See* Dkt. 4, 37, 54.

---

[3] About two months later, another generic manufacturer, Teva Pharmaceuticals USA, Inc., moved to intervene, asserting that an order requiring the FDA immediately to grant approval to Norwich's amended ANDA would interfere with Teva's asserted right to a period of 180-days of generic exclusivity. Dkt. 56. After Norwich clarified that it was no longer seeking immediate relief and conceded that, even if Norwich was successful in this case, the FDA would still need to resolve the question of generic exclusivity, if any, in the first instance, *see* Dkt. 58, the Court denied Teva's motion to intervene. The Court left the door open to Teva's intervention, however, should the question of immediate relief reappear in the case. *See* Oct. 6, 2023 Min. Order.

16

## II. STANDARD OF REVIEW

**A.    Federal Rule of Civil Procedure 65**

A preliminary injunction "is an extraordinary remedy never awarded as of right,"

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), but "only when the party seeking

the relief, by a clear showing, carries the burden of persuasion," *Cobell v. Norton*, 391 F.3d 251,

258 (D.C. Cir. 2004).  To obtain a preliminary injunction, the movant "must establish [1] that [it]

is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of

preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is

in the public interest." *Winter*, 555 U.S. at 20.

**B.    Federal Rule of Civil Procedure 12(b)(1)**

As the party seeking to invoke the Court's jurisdiction, Norwich bears the burden of

establishing that it has standing to sue.  *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002).

To survive a Rule 12(b)(1) motion to dismiss for a lack of standing, the plaintiff "must state a

plausible claim that [it] has suffered an injury in fact fairly traceable to the actions of the

defendant that is likely to be redressed by a favorable decision on the merits." *Humane Soc'y of

the U.S. v. Vilsack*, 797 F.3d 4, 8 (D.C. Cir. 2015).  "In this posture, the Court must accept the

factual allegations of the complaint as true but must nonetheless assess the 'plausibility' of the

plaintiff's standing allegations in light of the relevant context and the Court's 'judicial

experience and common sense.'" *Teva Pharms. USA, Inc. v. Azar*, 369 F. Supp. 3d 183, 195

(D.D.C. 2019) (quoting *Pub. Citizen, Inc. v. Trump*, 361 F. Supp. 3d 60, 71 (D.D.C. 2019)).

**C.    Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim upon which relief can be granted under

Rule 12(b)(6) "tests the legal sufficiency of the complaint." *Browning v. Clinton*, 292 F.3d 235,

242 (D.C. Cir. 2002). In evaluating a Rule 12(b)(6) motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 678 (2009)). A plaintiff may survive a Rule 12(b)(6) motion even if "recovery is . . . unlikely," so long as the facts alleged in the complaint are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). For the purposes of assessing a Rule 12(b)(6) motion, the Court may consider only "the facts contained within the four corners of the complaint, along with any documents attached to or incorporated into the complaint, matters of which the court may take judicial notice, and matters of public record." *Afanasieva v. Wash. Metro. Area Transit Auth.*, 588 F. Supp. 3d 99, 105 (D.D.C. 2022) (quotation marks omitted).

## D.    Federal Rule of Civil Procedure 56

Under Rule 56, summary judgment is available if the movant demonstrates "that there is no genuine dispute as to any material fact and" that, based on the uncontested facts, "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the unique context of a case brought under the APA, however, the district court "sit[s] as an appellate tribunal," *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1222–23 (D.C. Cir. 1993), to decide "as a matter of law [whether] the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review," *Coal. for Common Sense in Gov't Procurement v. United States*, 821 F. Supp. 2d 275, 280 (D.D.C. 2011). "In short, it is the role of the administrative agency to 'resolve factual issues' and 'to arrive at a decision that is supported by the administrative record,' while it is the role of the district court 'to determine

whether or not as a matter of law the evidence in the administrative record permitted the agency

to make the decision it did.'" *Amneal Pharms. LLC v. Food & Drug Admin.*, 285 F. Supp. 3d

328, 339 (D.D.C. 2018) (quoting *Hi–Tech Pharmacal Co. v. U.S. Food & Drug Admin.*, 587 F.

Supp. 2d 1, 18 (D.D.C. 2008)).

## III. ANALYSIS

### A.    Standing

Because standing is a threshold issue, the Court addresses it first. *See Ctr. for*

*Sustainable Econ. v. Jewell*, 779 F.3d 588, 596 (D.C. Cir. 2015).  "To invoke the jurisdiction of

the federal courts, a plaintiff must allege (1) a concrete injury (2) caused by the defendant (3)

that a favorable judicial decision will redress." *Common Cause v. Biden*, 748 F.3d 1280, 1284

(D.C. Cir. 2014).  "Causation, or 'traceability,' examines whether it is substantially probable that

the challenged acts of the defendant, not of some absent third party, will cause the particularized

injury of the plaintiff." *Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996)

(quotations and citations omitted).

The FDA argues that Norwich lacks standing to sue because the company has not, and

will not, suffer any injury caused by the FDA's decision to grant only preliminary approval to

the amended ANDA.  As the FDA frames the issue, Norwich's "present inability to market

rifaximin is traceable to the Delaware [District] Court's Patent Orders and not [the] FDA." Dkt.

40 at 23.  In advancing this argument, the FDA acknowledges that Norwich is challenging the

FDA's tentative approval decision, but it counters that because the FDA's reasoning for its

tentative-approval decision rests solely on the Delaware District Court's final judgment, any

injury that Norwich has suffered, or will suffer, is traceable to that judgment and not to any

independent action (or inaction) taken by the FDA.  *Id.* at 23–24.

19

The problem with the FDA's argument is that it assumes that it is right on the merits of the question of whether the Delaware District Court's judgment compelled the FDA to postpone the grant of final approval to Norwich's amended ANDA until October 2, 2029.  But that is precisely the question that Norwich asks this Court to resolve.  The heart of the dispute in this litigation is whether the FDA correctly read the Delaware District Court's order to apply to Norwich's *amended* ANDA.  *See, e.g.*, Dkt. 1 at 19 (Compl. ¶ 69) ("[I]t was . . . improper for FDA to refuse to grant final approval to Norwich's Amended ANDA based on the district court's order relating to the HE Patents."); *id.* at 18 (Compl. ¶ 65) ("FDA's decision to not approve Norwich's Amended ANDA contravenes FDA's own regulations, FDA's statements when it issued the proposed and final regulations, and numerous cases discussing the importance of quickly approving generic drug products with section viii statements and carved-out labels."); *id.* at 23 (Compl. ¶ 96) ("As set forth above, FDA improperly decided that it could not grant final approval to Norwich's Amended ANDA based on the decision by the Delaware District Court.").

An admittedly imperfect parallel can be drawn to *Teva Pharmaceuticals, USA, Inc. v. U.S. Food & Drug Administration*, 182 F.3d 1003 (D.C. Cir. 1999).  In that case, an ANDA applicant claimed that the FDA's determination that a district court order did not trigger a period of exclusivity for successful ANDA applicants was arbitrary and capricious.  *Id.* at 1004. Specifically, the FDA had declined to "recognize the dismissal of a declaratory judgment complaint for patent infringement as a 'court decision'" because the period of exclusivity was only for applicants who had obtained "a 'decision of a court' in a patent or declaratory judgment action 'holding' that the patent is either "invalid or not infringed" and the FDA did not read the district court order had held as such.  *Id.* at 1004–05  In reviewing the lower court's resolution of the arbitrary and capricious claim, the D.C. Circuit did not dismiss the case for lack of standing

for the obvious reason that the alleged injury was traceable to the FDA's interpretation (or understanding) of the district court's order. Here, too, this lawsuit challenges only the FDA's interpretation of the Delaware District Court's final judgment.

The cases that the FDA cites involve a very different scenario, in which the plaintiff is not challenging the agency's reading of a court order but the substance of the order itself. In *Cigar Association of America v. U.S. Food & Drug Administration*, 411 F. Supp. 3d 1 (D.D.C. 2019), for example, the plaintiff sought declaratory relief, "not premised on any claimed violation of law by the FDA, or by the FDA's failure to take required action," *id.* at 4, but on the FDA's implementation of a court order (in a different lawsuit) that compelled the agency "to implement the substantial equivalence requirement for all newly deemed products [including cigar and pipe tobacco products] within ten months." *id.* at 3. There, the asserted injury was "entirely a function of a judicial ruling," and, notably, the plaintiffs "effectively concede[d] as much." *Id.* Here, in contrast, the scope of the Delaware District Court Order is both disputed and central to the case. Although a separate action challenging the substance of the Delaware District Court's order is pending before the Federal Circuit, this case raises the distinct claim that the FDA simply misread the court's final judgment. To be sure, there is a noticeable tension between Norwich's argument before the Federal Circuit that the Delaware District Court's judgment sweeps too broadly and its contention here that the FDA erred in reading the final judgment more broadly than warranted. But nothing in the law precludes the company from hedging against any uncertainty about how this Court and the Federal Circuit might read the judgment.

Finally, the FDA argues that, even if Norwich has Article III standing, this Court should decline to exercise jurisdiction "over Norwich's impermissible collateral attack on the patent

orders." Dkt. 40 at 24 (capitalization altered).  As the FDA correctly observes, "federal district

courts lack the power to void or otherwise alter other federal courts' orders through a collateral

attack."  *Id.* at 25 (quoting *McNeil v. Brown*, No. 17-2602, 2018 WL 4623057, at *7 (D.D.C.

Sept. 26, 2018)).  Salix, for its part, frames this argument in slightly different terms, arguing that

(1) Norwich is collaterally estopped from challenging the Delaware District Court's final

judgment in this action, rather than simply pursuing the pending Federal Circuit appeal or, in the

alternative, (2) that principles of comity preclude this Court from "wading into issues pending"

before other courts.  Dkt. 39 at 16–18.  But however framed, the argument fails for the same

reason the FDA's challenge to Norwich's standing fails.  As clarified beyond any doubt at oral

argument, Norwich is not challenging the correctness of the Delaware District Court's final

judgment *in this case* and is not asking *this Court* to substitute its views for those of the

Delaware District Court or the Federal Circuit.  It is merely challenging the FDA's reading of the

final judgment entered by the Delaware District Court.  *See* Oct. 6, 2023 Hrg. Tr. at 9–10.

Whether that argument is meritorious, and whether "principles of comity" might counsel in favor

of waiting for further guidance from the Federal Circuit, is beside the point when it comes to the

Court's jurisdiction.  And when it comes to the merits, the Court has (as explained below)

considered whether it would be prudent to wait for the Federal Circuit before resolving this

dispute.

## B.    **Adequate Alternative Remedy**

Defendants also argue that the Court should dismiss Norwich's APA claim because the

company has an "adequate alternative remedy" through its appeal to the Federal Circuit and,

therefore, does not have a claim under the APA.  *See Perry Cap. LLC v. Mnuchin*, 864 F.3d 591,

621 (D.C. Cir. 2017) (holding "the absence of [an adequate alternative] remedy is . . . an element

of the cause of action created by the APA" rather than a jurisdictional question).  For reasons similar to those just discussed, the Court is unpersuaded.

The APA "limits judicial review under that statute to agency actions 'for which there is no other adequate remedy in a court.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 846 F.3d 1235, 1238 (D.C. Cir. 2017) (quoting 5 U.S.C. § 704).  This limitation "reflects Congress' judgment that 'the general grant of review in the APA' ought not 'duplicate existing procedures for review of agency action' or 'provide additional judicial remedies in situations where Congress has provided special and adequate review procedures.'" *Id.* at 1244 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)).  "Courts must, however, avoid lightly 'constru[ing] [§ 704] to defeat the [APA's] central purpose of providing a broad spectrum of judicial review of agency action.'" *Id.* (alterations in original) (quoting *Bowen*, 487 U.S. at 903).

To determine "whether an alternative remedy is 'adequate' and therefore preclusive of APA review," the Court must "look for 'clear and convincing evidence' of 'legislative intent' to create a special, alternative remedy and thereby bar APA review." *Id.* (quoting *Garcia v. Vilsack*, 563 F.3d 519, 523 (D.C. Cir. 2009)).  "Thus, for example, relief will be deemed adequate 'where a statute affords an opportunity for de novo district-court review' of the agency action." *Garcia v. Vilsack*, 563 F.3d 519, 522–23 (D.C. Cir. 2009) (quoting *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005).  In such cases, "Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the review provision] and the APA." *Id.* at 523 (quoting *El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1270).

Defendants maintain that the patent-infringement adjudicatory process, including Norwich's Rule 60(b) motion in the underlying patent litigation and its appeal to the Federal

23

Circuit, have provided (and are continuing to provide) Norwich with a more than adequate
remedial process.  In their view, "[i]n enacting [the] Hatch-Waxman [Act], 'Congress plainly
contemplated that the affirmative patent infringement action [that follows a Paragraph IV
certification]'—rather than administrative action by FDA—would 'resolve any dispute between
the patentholder and the [ANDA] applicant and lead to the establishment of the effective date of
approval for the [ANDA].'"  Dkt. 40 at 28 (quoting *Avadel CNS Pharms., LLC v. Becerra*, 638
F. Supp. 3d 23, 33 (D.D.C. 2022)).  And "[b]ecause Norwich seeks relief from the consequences
of a judgment in a patent suit," they argue that Norwich's "pending Federal Circuit appeal is
more than adequate to displace APA review."  *Id.*

Although that argument is not without initial appeal, it once again misunderstands the
nature of Norwich's claim in this case: Norwich maintains (at least for purposes of this litigation)
(1) that the judgment entered by the Delaware District Court did not address—and did not
purport to address—an amended ANDA that was not before the court and (2) that the FDA
simply misread that final judgment.  Norwich is not arguing that the Delaware District Court was
wrong in finding the HE method-of-use patents valid and infringed.  *See* Dkt. 4-1 at 17
("Norwich has not, and does not intend to, appeal the district court's holdings that Norwich's
Original ANDA infringes the Asserted HE Patents or that the HE Patents had not been shown
invalid.").  Nor is it arguing—at least here—that the Delaware District Court erred in denying its
Rule 60(b) motion or that this Court should expressly or implicitly modify the Delaware District
Court's judgment to add clarity that the judgment itself lacks.  Rather, it contends that the
judgment itself is clear; that it does not apply to the company's amended ANDA; and that the
FDA's interpretation of the final judgment was arbitrary and capricious and contrary to law.  *See*
*id.* at 21–22 ("Although FDA apparently believes that it is hamstrung by the district court's

order, FDA's decision to not approve Norwich's Amended ANDA contravenes FDA's own

regulations, FDA's statements when it issued the proposed and final regulations, and numerous

cases discussing the importance of quickly approving generic drug products with section viii

statements and carved-out labels."); Dkt. 49 at 8 ("With the benefit of the Administrative Record

and FDA's memorandum to this Court, it is now apparent that FDA took it upon itself to (in

FDA's own words) 'interpret' the Delaware Court's May 17 Order to arrive at its incorrect

determination that the earlier Section 271(e)(4)(A) Order applies to Norwich's Amended ANDA.

There is no basis for FDA's interpretation . . . ."). The Hatch-Waxman Act does not provide

ANDA applicants with a cause of action to challenge the FDA's interpretation of a

§ 271(e)(4)(A) order entered by a district court at the conclusion of patent-infringement case.

      The distinction between the relief that a Paragraph-IV-triggered adjudication provides

and the relief that Norwich is seeking here can be seen in the difference between this case and

*Avadel CNS Pharmaceuticals, LLC v. Becerra*, 638 F. Supp. 3d 23 (D.D.C. 2022). In *Avadel*, an

ANDA applicant tried to use the APA to challenge the FDA's instruction that it submit a patent

certification for a particular patent. *Id.* at 28. The ANDA applicant maintained that the

instruction was arbitrary and capricious because the patent at issue was not infringed by the

application. *Id.* The district court declined to consider the merits of the ANDA applicant's APA

claim, concluding that the applicant could challenge the patent through a patent infringement

action as provided for by the Hatch-Waxman Amendments, which would determine whether the

ANDA infringed a valid patent or not and therefore whether a patent certification was needed.

*Id.* at 32. In other words, the applicant there had an adequate alternative remedy because its

claim was of the very sort that a patent infringement suit triggered by a Paragraph IV

certification is intended to resolve. Norwich, in contrast, has already gone through that

Paragraph IV-triggered adjudicatory process, and it has already received a judgment, the substance of which it does not challenge. Instead, it merely alleges that the FDA misapplied that judicial decision—an argument that does not differ in material respects from a claim that the FDA has misapplied a statute or regulation. Most fundamentally, the challenge is not directed at the lawfulness of Delaware District Court's final judgment, which is all that the Federal Circuit can consider on appeal, but rather at the FDA's alleged failure to comprehend what that judgment actually means.

The flaw with Defendants' alternative-adequate-remedy argument can be highlighted by imagining that the Delaware District Court's judgment was crystal clear and that the FDA indisputably misread the judgment; imagine, for example, that the judgment unambiguously carved out the IBS-D indication and that the FDA simply failed to notice that exclusion. Under those circumstances, Norwich would lack any remedy in the patent litigation, and its only remedy would lie under the APA. Yet, the only material distinction between that scenario and this case is the strength of Norwich's claim, and that is a distinction without a difference when it comes to Defendants' threshold argument. The question at this stage of the analysis is not whether Norwich's argument has legs, but only whether it can leave the starting blocks. Because no other adequate remedy exists for the wrong that Norwich seeks to remedy in this case, Defendants' threshold § 704 defense is unavailing.

## C.    Arbitrary and Capricious Review

As explained, the gravamen of Norwich's claim is that the FDA's determination that the Delaware District Court's final judgment precluded it from granting final approval to Norwich's amended ANDA prior to October 2, 2029, was "arbitrary, capricious, . . . or otherwise not in accordance with law" and must therefore be set aside. 5 U.S.C. § 706(2)(A). Because the Court

26

consolidated the hearing on Norwich's motion for a preliminary injunction with the merits at the parties' request, and because the parties' legal and factual arguments have been thoroughly developed, the Court need not pause to consider Norwich's likelihood of success of the merits or any of the other preliminary injunction factors.  Instead, the Court will proceed to the ultimate merits of the case.

That inquiry might take one of two forms.  First, the Court might consider whether the FDA's reading of the Delaware District Court's final judgment was "arbitrary and capricious." That form of judicial review "is 'fundamentally deferential.'"  *Amneal Pharms.*, 285 F. Supp. 3d at 340 (quoting *Fox v. Clinton*, 684 F.3d 67, 75 (D.C. Cir. 2012)).  This "does not mean . . . that courts must 'simply accept whatever conclusion an agency proffers,'" *id.* (quoting *Tripoli Rocketry Ass'n v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 437 F.3d 75, 77 (D.C. Cir. 2006)); rather, "it is the Court's role to decide whether the agency acted 'within the scope of its lawful authority,' and whether it engaged in 'reasoned decision[-]making,' but not to second guess an agency's reasonable exercise of the authority that Congress gave it," *id.* (quoting *Tripoli Rocketry Ass'n*, 437 F.3d at 77).  Second, the Court might consider whether the FDA's reading of the Delaware District Court's final judgment was "contrary to law," just as it might consider whether the agency's reading of an unambiguous statute or regulation is contrary to law.  In considering that question, the Court cannot discern any basis to defer to the FDA's reading of the order.  The FDA has no unique expertise in reading federal court orders (and certainly no greater expertise than a court), nor is this a case in which one can plausibly argue that *Chevron*'s gap-filling or political-accountability rationales are served.  *See* Moss, Executive Branch Legal Interpretation: A Perspective from the Office of Legal Counsel, 52 Admin. L. Rev.  1303, 1328 (Fall 2000) (discussing the twin rationales for *Chevron* deference).  For present purposes,

however, it makes little difference which approach the Court takes, since the FDA's reading of

the Delaware District Court's final judgment was not only reasonable but was by far the better

reading.

The FDA read the Delaware District Court's final judgment to preclude the agency—

without limitation—from granting final approval to Norwich's ANDA before October 2, 2029.

That is, on the FDA's reading, the judgment does not recognize an exception for the IBS-D

indication (or any other non-HE indication) and, instead, applies to the ANDA without

exception. The FDA explained the basis for this conclusion in two documents. The first is a

letter that the FDA sent to Norwich, dated June 2, 2023. That letter explained that the FDA was

"unable to grant final approval to [Norwich's] ANDA at this time because" the Delaware District

Court "ordered that the effective date of *any* final approval by the Food and Drug Administration

("FDA") of Norwich's *ANDA No. 214369* is to be a date not earlier than the date of expiration of

the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any

regulatory exclusivity to which Plaintiffs are or become entitled." Dkt. 51 at 119, 121 (A.R. 365,

367) (emphasis added). Norwich does not dispute that, even as amended, the ANDA at issue is

"ANDA No. 214369." Nor was the FDA unaware of the Delaware District Court's decision

denying Norwich's Rule 60(b) motion. It added: Norwich "notified the Agency that on May 17,

2023, the [Delaware District Court] denied Norwich's Rule 60(b) motion to modify the final

judgment. Therefore, final approval cannot be granted until October 2, 2029 as specified in the

court order." *Id.* at 121 (A.R. 365).

The second document in which the FDA explained its tentative-approval decision is a

███████████████████████████████████████

███████ explains that:

28



Norwich's ANDA is eligible for only a Tentative Approval based on the 271(e)(4)(A) judgment ██████████ we interpret the May 17 order refusing to modify the judgment to say that the prior ██████ still stands and applies to Norwich's post-amendment ANDA.

██████ (A.R. 374); Dkt. 40 at 20, 24.

As a result, the basis for the FDA's decision is clear: in the agency's view, the Delaware District Court's final judgment dictated that the earliest date that the FDA could grant final approval to ANDA No. 214369, regardless of whether the ANDA had been amended to carve-out the HE indication, was October 2, 2029. Dkt. 40 at 19–20; Dkt 4-1 at 21; Dkt. 39 at 9–10. Norwich does not dispute that the basis for the FDA's decision is adequately explained and, instead, argues that the agency's decision is both unreasonable and contrary to law because it "contravenes FDA's own regulations, FDA's statements when it issued the proposed and final regulations, and numerous cases discussing the importance of quickly approving generic drug products with section viii statements and carved-out labels." Dkt. 4-1 at 22.

At this point, the Court must return to Norwich's concession—a concession that is necessary to avoid interjecting this Court in a matter appropriately left to the Federal Circuit— that this case does not challenge the lawfulness of the Delaware District Court's final judgment and, certainly, does not posit that the FDA acted unreasonably or in contravention of law by adhering to a district court order that, in Norwich's view, misunderstood the governing FDA regulations and the "cases discussing the importance of quickly approving generic drug products with section viii statements and carved-out labels." *Id.* At oral argument on the pending motions, Norwich unequivocally disavowed that it was making any such argument, *see* Oct. 6,

29

2023 Hrg. Tr. at 9–10, and, instead, explained that it merely contends "that the best construction

of [the Delaware District Court's] order is that [the court] wasn't saying anything at all about an

amended ANDA." *Id.* The reasonableness (and accuracy) of the FDA's reading of that order

might, of course, be informed by the surrounding statutory and regulatory environment, but, in

the end, all that matters for present purposes is how that order is best understood.

　　In considering that question, the Court starts with the plain text of the Delaware District

Court's final judgment.  Paragraph 5 of that judgment provides as follows:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date
> of any final approval by the Food and Drug Administration ("FDA") of
> Norwich's ANDA No. 214369 is to be a date not earlier than the date of
> expiration of the last to expire of the '573, '195, and '397 Patents (currently
> October 2, 2029) [(the HE method-of-use patents)], plus any regulatory
> exclusivity to which Plaintiffs are or become entitled.

Dkt. 4-5 at 3.  Norwich's ANDA, even as amended, is still ANDA No. 214369.  *Id.*  As a result,

the FDA's determination tracks the most straightforward reading of the final judgment—the

FDA may not grant "final approval" to "Norwich's ANDA No. 214369" before October 2, 2029.

　　That plain-language reading of the final judgment is reinforced, moreover, by the

extensive briefing and argument that came before and after its entry.  Prior to issuing its

judgment, the Delaware District Court directed the parties to "meet and confer and file a joint

proposed final judgment." *See Norwich I*, July 28, 2022 Min. Order.  In a letter responsive to

that directive, the parties presented their views about whether the Court's judgment should

restrict the effective date of approval of Norwich's ANDA only with respect to the HE method-

of-use patents and corresponding labeling or with respect to the ANDA more generally,

irrespective of any amendment Norwich might submit to the FDA limiting the labeling to the

IBS-D indication.  Those views were starkly conflicting: Salix asked that the final judgment

"apply to 'Norwich's ANDA,' period." *Norwich I*, Dkt. 196 at 2.  Norwich, in contrast, argued

that such an order would be overly "broad or speculative" and asked, instead, that the Delaware

District Court "reject any proposed judgment that presupposes labeling excluding the HE

indication would infringe the asserted HE patent claims, or precludes Norwich's ability to seek a

skinny label." *Id.* at 5. Faced with these competing views, the Delaware District Court decided

to phrase the final judgment as it did—using broad language with no apparent exemption for a

future "skinny label."

To be sure, the Delaware District Court explained in a memorandum accompanying its

final judgment that the possibility that "Norwich may seek to carve out the HE indication as

permitted by 21 U.S.C. § 355(j)(2)(A)(viii) [was] immaterial to [its] analysis" because such a

label was not before the court. Dkt. 4-6 at 3. In Norwich's view, this shows that the court did

not intend that its final judgment would foreclose the FDA from approving an amended ANDA

that carved-out the HE indication. Had the story ended there, Norwich would have been on

stronger footing in challenging the reasonableness of the FDA's interpretation of the final

judgment. But it did not end there.

After the Delaware District Court entered its judgment, Norwich amended its ANDA to

carve-out the HE indication and then moved to amend the court's judgment to clarify that the

judgment did not apply to the amended label. Dkt. 51 at 23 (A.R. 269). Specifically, Norwich

asked the court to adopt an amended judgment that would have provided as follows:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date
> of any final approval by the Food and Drug Administration ("FDA") of
> Norwich's ANDA No. 214369 is to be a date not earlier than the date of
> expiration of the last to expire of the '573, '195, and '397 Patents (currently
> October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or
> become entitled, *to the extent Norwich's ANDA No. 214369 maintains
> Paragraph IV certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) stating
> that the '573, '195, and '397 patents are invalid or will not be infringed by the
> manufacture, use, or sale of the product specified in Norwich's ANDA.*

*Id.* at 48 (A.R. 294) (emphasis added to reflect proposed revision).  The Delaware District Court

denied that motion—not because the proposed amendment was unnecessary, but because the

court thought it "wrong . . . that [Norwich] can litigate a case through trial and final judgment

based on a particular ANDA, and then, after final judgment, change the ANDA to what it wishes

it had started with, and win in a summary proceeding."  Dkt. 4-9 at 6.

Given this history, it is a stretch for Norwich to argue that the final judgment is best read

*implicitly* to include the qualifying language that the court *explicitly* declined to include—twice.

*Cf. Cigar Ass'n of Am.*, 411 F. Supp. 3d at 4 (concluding that it was implausible to read a court

order as exempting cigar and loose tobacco products when "the court's order vacating the

[FDA's] Guidance not only notes that the FDA's Guidance applies to cigars," but "declares

broadly that 'the August 2017 Guidance must be vacated,'" and "when [p]laintiffs sought

clarification from the . . . court as to the breadth of its rulings, that court made clear that its

remedial order applies to cigars and pipe tobacco").  Norwich's principal answer to this difficulty

merely posits that federal courts, like federal agencies, should be afforded a presumption of

regularity, *cf. Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (citing *Citizens to

Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)), and that reading the final

judgment to preclude Norwich from amending its ANDA to exclude labeling for the HE method

of use would run afoul of the FDA's governing regulations and the policy favoring the prompt

approval of non-infringing generic alternatives to pricier branded drugs.  Dkt. 4-1 at 22.

For support, Norwich points to 21 C.F.R. § 314.94(a)(12)(viii)(A), which provides as

follows:

> An applicant who has submitted a paragraph IV certification and is sued for
> patent infringement *must submit an amendment to change its certification if a
> court enters a final decision from which no appeal has been or can be taken*, or
> signs and enters a settlement order or consent decree in the action that includes

a finding that the patent is infringed, unless the final decision, settlement order, or consent decree also finds the patent to be invalid.  In its amendment, the applicant must certify under paragraph (a)(12)(i)(A)(3) of this section that the patent will expire on a specific date *or, with respect to a patent claiming a method of use, the applicant may instead provide a statement under paragraph (a)(12)(iii)* of this section if the applicant amends its ANDA such that the applicant is no longer seeking approval for a method of use claimed by the patent. *Once an amendment for the change has been submitted, the ANDA will no longer be considered to contain a paragraph IV certification to the patent.* If a final judgment finds the patent to be invalid and infringed, an amended certification is not required.

21 C.F.R. § 314.94(a)(12)(viii)(A) (emphasis added).  According to Norwich, it did just what this regulation contemplates: after the Delaware District Court entered a final judgment finding that its ANDA infringed Salix's HE method-of-use patents, Norwich amended the ANDA under paragraph (a)(12)(iii) to include a section viii statement excluding the infringing method of use. It thereby limited the scope of its amended ANDA to those indications covered exclusively by the invalid or non-infringing patents and removed any and all Paragraph IV certifications from the ANDA.  Dkt. 4-1 at 22.  Norwich maintains that because its ANDA no longer contains a Paragraph IV certification and contains only a section viii statement, its "ANDA may be approved . . . immediately," 21 C.F.R. § 314.107(b)(1)(ii), like any other ANDA that contains a section viii statement (rather than a Paragraph IV certification). *See also* 81 Fed. Reg. 69580, 69624 (Oct. 6, 2016) (explaining that the current version of 21 C.F.R. § 314.94 "clarif[ies] that if a[n] . . . ANDA applicant submits a statement . . . explaining that a method-of-use patent does not claim an indication or other condition of use for which the applicant is seeking approval and submits proposed labeling that appropriately carves out information related to the patented method of use, then the . . . ANDA may be eligible for immediate approval").

As explained above, however, Norwich does not—and cannot—argue in this case that the Delaware District Court erred.  Instead, it is left to argue that the law is so clear, and that the

final judgment is so unclear, that the only path forward is to construe the final judgment in the manner that Norwich proposed to the Delaware District Court and that court declined to embrace.  Although Norwich raises a substantial argument regarding the meaning of § 314.94(a)(12)(viii)(A), the Court is unpersuaded that the law is as clear, or that the final judgment is as unclear, as Norwich posits.

To start, 21 C.F.R. § 314.94(a)(12)(viii)(A) does not stand alone.  Among other relevant provisions, 21 U.S.C. § 355(j)(5)(B)(iii)(II) mandates that the FDA approve an (otherwise sufficient) ANDA with a Paragraph IV certification that is the subject of patent litigation as follows:

> [I]f before the expiration of [the thirty-month stay] the district court decides that the patent has been infringed—
>
> (aa)    if the judgment of the district court is appealed, the approval shall be made effective on—
>
> (AA)    the date on which the court of appeals decides that the patent is invalid or not infringed (including any substantive determination that there is no cause of action for patent infringement or invalidity); or
>
> (BB)    the date of a settlement order or consent decree signed and entered by the court of appeals stating that the patent that is the subject of the certification is invalid or not infringed; or
>
> (bb)    if the judgment of the district court is not appealed or is affirmed, the approval shall be made effective on the date specified by the district court in a court order under section 271(e)(4)(A) of Title 35.

21 U.S.C. § 355(j)(5)(B)(iii)(II).  Section 271(e)(4)(A) of Title 35, in turn, requires a district court that has found that a Paragraph IV certification constituted an act of infringement of a valid patent to "order the effective date of *any* approval of *the drug . . . involved in the infringement* to be a date which is not earlier than the date of the expiration of the patent which has been infringed."  35 U.S.C. § 271(e)(4)(A) (emphasis added); *see also Vanda Pharm. Inc. v. West-*

34

*Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1139 (Fed. Cir. 2018) ("[T]he FDA is entitled not to set

an approval date prior to the expiration of a patent that has been found to be infringed under

§ 271(e)(4)(A) and not invalid in a Hatch-Waxman case."); *In re Omeprazole Pat. Litig.*, 536

F.3d 1361, 1367 (Fed. Cir. 2008) ("[I]f the FDA has not approved the ANDA before the district

court determines that the patent has been infringed, the FDA may not approve the ANDA until

the effective date specified by the district court under section 271(e)(4)(A).").

     How this statutory scheme interacts with the regulatory path to approval following a

finding of infringement raises difficult questions, which have occupied the Federal Circuit and

lower courts. Although not directly on point, *Ferring B.V. v. Watson Laboratories, Inc.-Fla.*,

764 F.3d 1382 (Fed. Cir. 2014), is instructive. In that case, a generic manufacturer submitted an

ANDA that contained a Paragraph IV certification. The patent owner sued the ANDA filer, and

the district court found that the ANDA "was silent with respect to [a key issue]" and thus

"permitted [the generic manufacturer] to violate the patent." *Id.* at 1386. During trial, however,

the applicant "agreed to amend its ANDA specification to include [an important] restriction,"

leading the district court to find that the generic manufacturer's "proposed amendment would be

outside the scope" of the patent. *Id.* Then, after trial, the generic manufacturer amended its

ANDA in the relevant respect, the FDA approved the amendment, and the district court

subsequently "concluded that the [amended] ANDA did not infringe the patents-in-suit." *Id* at

1387. Ultimately, the district court found that the ANDA, as originally submitted, infringed the

patent but that, by amending its ANDA, the generic manufacturer mooted the plaintiff's

complaint. *Id.*

     On appeal, the patent holder argued that 35 U.S.C. § 271(e)(4)(A) requires "that once a

section 271(e)(2) infringement is found based on the ANDA as first submitted, the district court

*must* order a change in the effective date of the ANDA." *Id.* at 1389 (emphasis in original). The Federal Circuit, however, rejected this bright-line rule and, instead, held that a "district court *may* reconsider its own finding of infringement in light of an amended ANDA or other information." *Id.* at 1391 (emphasis added). The court explained, "[w]e do not suggest that a district court must always consider any ANDA amendment;" rather, "[a]llowing an amendment is within the discretion of the district court, guided by principles of fairness and prejudice to the patent-holder." *Id.* Applying that abuse-of-discretion standard, the Federal Circuit affirmed the district court's decision to consider the ANDA that was amended *after trial*. In the view of the Federal Circuit, there was little prejudice to the brand-name drug company in considering the amended ANDA because, "even at trial the district court made clear that it was inclined to allow an amendment by [the ANDA applicant] clarifying the dissolution rate of its product, and the district court judge discussed the language of the amendment on the record." *Id.*

Other courts, however, have declined to grant relief under Rule 60(b) based on post-trial amendments to ANDAs that were found at trial to infringe listed patents. In *Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*, No. 14-1119, 2019 WL 3574249 (D. Del. Aug. 6, 2019), for example, the district court declined to vacate a finding of infringement pursuant to Rule 60(b) based on a post-trial amendment to the defendant's ANDA. In reaching that conclusion, the court distinguished *Ferring* on four grounds. Unlike in *Ferring*: (1) the court's "finding of infringement was not based solely on the ANDA, but also on actual testing of [the] generic product;" (2) "there was no discussion at the trial . . . suggesting that [the defendant] would or should amend its ANDA to moot the issue of infringement;" (3) the plaintiff was likely to suffer prejudice due to the post-amendment amendment, including the cost of further discovery and factfinding regarding the doctrine of equivalents and the risk that the parties would seek to raise

new arguments based on the amendments; and (4) principles of fairness weighed against permitting the defendant "to engage in a do-over, after . . . learn[ing] of the weaknesses in its legal theory." *Id.* at *7–*8. Similarly, in *Allergan, Inc. v. Sandoz Inc.*, No. 09-97, 2013 WL 6253669 (E.D. Tex. Dec. 3, 2013), the district court held that the defendant's "request for a ruling of non-infringement based on the changed ANDA [was] tantamount to seeking summary judgment premised on new allegations that only came to exist after the final judgment was rendered and affirmed." *Id.* at *3. In the court's view, that effort ran afoul of the principle that "a party may not use a Rule 60(b) motion as an occasion to relitigate a case." *Id.* (cleaned-up).

To be sure, the relief that Norwich sought before the Delaware District Court is not on all fours with any of these cases. But many of the same principles apply, and much of the analysis in these decisions mirrors the analysis in the Delaware District Court's decision rejecting Norwich's Rule 60(b) motion. Common sense, moreover, at least arguably suggests that this is not a one-size-fits all question, in which district courts are empowered only to specify an approval date with respect to the infringing methods-of-use and must, invariably, carve out from their judgments any future, amended ANDAs that are limited in scope to those methods-of-use that were not found to be infringing at trial. As Salix notes, that approach might—at least at time—unfairly prejudice patent holders, who focus their litigation strategy and discovery on the ANDA *as it existed at trial*, and might—at least at times—invite multiple rounds of litigation, as patent holders seek to respond to post-trial ANDA amendments by raising arguments that were either left on the cutting-room floor or unapparent prior to the amendment.

The Court expresses no view on the ultimate merits of these questions—and, certainly, takes no view on how these principles might apply to the Delaware District Court's Rule 60(b) decision. Those questions are not before this Court, and they are the sole domain of the Federal

Circuit.  All that matters for present purposes is that Norwich has failed to show that the law is so clear that the FDA should have stretched to read the Delaware District Court's final judgment and Rule 60(b) decision in a manner that ignores their plain terms.  That proposition is unsustainable, as is Norwich's ultimate contention that the FDA erred as a matter of reasoned-decision-making and law in reading those documents to leave the agency free to approve the company's amended ANDA prior to October 2, 2029.

## D.   Summary Judgment

The Court pauses to consider one final question.  Although the Court is persuaded that the Delaware District Court unambiguously directed that the FDA wait until October 2, 2029 to approve ANDA No. 214369 (including any amendment to that ANDA), the direct appeal of the Delaware District Court's judgment is pending before the Federal Circuit, and the Federal Circuit's decision in that appeal might possibly shed additional light on the best reading of the district court's judgment and the surrounding legal principles.  For that reason, the Court has considered whether it should simply deny Norwich's motion for a preliminary injunction but wait for any relevant guidance from the Federal Circuit before resolving the parties' cross-motions for summary judgment.  For four reasons, however, the Court concludes that there is no reason to postpone the resolution of the pending cross-motions.

First, Norwich and the FDA agreed to consolidate the hearing on Norwich's motion for a preliminary injunction with the merits "[i]n order to conserve judicial and party resources," Dkt. 8 at 1, and they are entitled to the benefit of that streamlined procedure.  Second, Norwich has not asked that the Court wait for a decision from the Federal Circuit, nor has it filed an "affidavit or declaration" pursuant to Rule 56(d) showing that it "it cannot present facts essential to justify its opposition."  Third, and most importantly, if the Federal Circuit issues a decision that casts

38

doubt on the FDA's reading of the Delaware District Court's final judgment, Norwich's remedy is not to return to this Court for further consideration but, rather, to ask the FDA to reconsider its decision. Counsel for Norwich conceded as much at oral argument, acknowledging that "there's never a time when you can't" ask the FDA to reconsider and that the only reason it has not done so to date is because the company "didn't think it would be fruitful." *See* Transcript, Oct. 6, 2023 Hrg. Tr. at 17. The Court put the question even more directly to counsel for the FDA, asking what would happen if the Federal Circuit were to read the final judgment in the manner that Norwich urges in this case (and not as Norwich urges in the direct appeal). He responded: "then Norwich would notify [the] FDA of the authoritative construction of the order." *Id.* at 30–31. The availability of reconsideration before the agency resolves the matter, since basic tenets of administrative law require agencies, whenever possible, to consider and opine on new arguments before those arguments are raised in APA litigation, and, here, the parties agree that Norwich will have the opportunity to bring any relevant developments to the attention of the agency in the first instances. Finally, the prospect that the Federal Circuit will construe the Delaware District Court's final judgment in the manner that Norwich urges in this case is, at best, remote. For the reasons explained above, that reading is exceedingly difficult to square with the text of the final judgment and with the court's Rule 60(b) decision, and, notably, no party—not even Norwich—is urging the Federal Circuit to adopt that unconventional reading.

**CONCLUSION**

For the foregoing reasons, the Court will **DENY** Plaintiff's motion for a preliminary injunction, Dkt. 4, will **GRANT** the FDA and Salix's cross-motions for summary judgment, Dkt. 37, Dkt. 54.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 1, 2023