## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

NORWICH PHARMACEUTICALS, INC.,

*Plaintiff – Appellant*,

v.

XAVIER BECERRA, in his official
capacity as Secretary of Health and
Human Services,

ROBERT M. CALIFF, M.D., in his
official capacity as Commissioner of
Food and Drugs,

Case No. 23-5311

and

UNITED STATES FOOD AND DRUG
ADMINISTRATION,

*Defendants – Appellees*,

SALIX PHARMACEUTICALS, INC.,

*Intervenor for
Defendants – Appellees*.

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Appellant Norwich Pharmaceuticals, Inc. (hereafter "Norwich") hereby moves the Court to hold this appeal, Case No. 23-5311, in abeyance until the U.S. Court of Appeals for the Federal Circuit issues an opinion in the related matter *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, Nos. 22-2153, 23-1952.

In support of this motion, Norwich shows as follows:

1.      On August 10, 2022, the U.S. District Court for the District of Delaware entered an opinion and judgment in *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, No. 1-20-cv-00430-RGA, that Norwich's ANDA No. 214369 seeking approval for the indication of reducing the risk of overt hepatic encephalopathy recurrence ("the HE Indication") infringed patents owned by Salix Pharmaceuticals, Ltd. ("Salix") ("the HE Patents") under 35 U.S.C. § 271(e)(2)(A), and that Norwich had not proven that the HE Patents were invalid. The Delaware District Court consequently entered an order under 35 U.S.C. § 271(e)(4)(A) that FDA may not approve Norwich's "ANDA No. 214369" until the expiration of the last to expire of the HE Patents, i.e., October 2029.

2.      After this order issued, Norwich amended its ANDA to remove the infringing HE Indication from its label, and to convert the Paragraph IV certifications to section viii statements to the HE Patents, certifying that the ANDA as amended does not seek approval for the HE Indication (the "Amended ANDA").

2

3.      On June 2, 2023, FDA granted tentative approval to Norwich's
Amended ANDA but refused to grant final approval due to the Delaware District
Court's order under 35 U.S.C. § 271(e)(4)(A) that the effective date of final
approval of "ANDA No. 214369" be delayed until the expiration of the HE
Patents.

4.      On June 5, 2023, Norwich filed the case below in the U.S. District
Court for the District of Columbia, challenging FDA's decision to not grant final
approval to Norwich's Amended ANDA under the Administrative Procedure Act,
5 U.S.C. § 706, and asserting that FDA's decision was contrary to law and
arbitrary and capricious.  Salix was granted leave to intervene as a defendant.

5.      In the case below, Norwich's original filing was for a motion for a
preliminary injunction, which the U.S. District Court for the District of Columbia
converted to a motion for summary judgment that would be reviewed on its merits.
Defendant-Appellees and Salix filed cross-motions for summary judgment.  The
U.S. District Court for the District of Columbia had a motion hearing in the case on
October 6, 2023.

6.      On November 1, 2023, the U.S. District Court for the District of
Columbia entered its Memorandum Opinion and Order, denying Norwich's motion
for a preliminary injunction (which had been converted into a motion for summary

3

judgment) and granting Defendant-Appellees and Salix's cross-motions for summary judgment.  Norwich is now appealing these decisions to this Court.

7.      Concurrently with the above-referenced litigation in the District of Columbia, Norwich appealed the scope of the Delaware District Court's order under 35 U.S.C. § 271(e)(4)(A) to the U.S. Court of Appeals for the Federal Circuit, and Salix also appealed  (Case Nos. 22-2153, 23-1952).  Specifically, Norwich has asserted that the scope of the Delaware District Court's order to delay the effective date of final FDA approval of "ANDA No. 214369" is improperly too broad to the extent that it extends to the Amended ANDA, which does not contain the infringing HE Indication and does not contain Paragraph IV certifications to the HE Patents.

8.      The Federal Circuit heard oral argument on January 8, 2024.  If the Federal Circuit rules in favor of Norwich and vacates the Delaware District Court's order under 35 U.S.C. § 271(e)(4)(A), the Delaware District Court's order will no longer be a basis for FDA to delay granting final approval to Norwich's Amended ANDA, thus likely rendering the within appeal to this Court unnecessary.  Holding this appeal in abeyance until a decision from the Federal Circuit may therefore avoid unnecessary expenditure of resources by this Court and the parties.[1]

---

[1] Norwich's uncontested motion does not imply that Norwich believes that the U.S. District Court for the District of Columbia or this Court lack jurisdiction over the current case.

4

9.    Appellees agree to abeyance.

10.   Salix, Intervenor-Defendant below, has no objection to abeyance.

Wherefore, Appellant Norwich respectfully requests that the Court hold the

instant case in abeyance.


Dated: February 1, 2024                   Respectfully submitted,

                                          /s/ *Chad A. Landmon*
                                          _____
                                          Chad A. Landmon
                                          AXINN, VELTROP & HARKRIDER
                                          LLP
                                          90 State House Square
                                          Hartford, CT 06103
                                          T: (860) 275-8100
                                          F: (860) 275-8101
                                          clandmon@axinn.com

                                          *Attorney for Plaintiff – Appellant*
                                          *Norwich Pharmaceuticals, Inc.*

**CERTIFICATE OF COMPLIANCE**

The foregoing motion brief is in 14-Point Times New Roman proportional font and contains 717 words and thus in compliance with the type-volume limitation set forth in D.C. Circuit Rule 27(d)(2)(A).


Dated: February 1, 2024                    /s/ *Chad A. Landmon*

                                            Chad A. Landmon
                                            AXINN, VELTROP & HARKRIDER LLP
                                            90 State House Square
                                            Hartford, CT 06103
                                            T: (860) 275-8100
                                            F: (860) 275-8101
                                            clandmon@axinn.com

                                            *Attorney for Plaintiff – Appellant*
                                            *Norwich Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2024, I electronically filed the foregoing Unopposed Motion to Hold Case in Abeyance with the Clerk of the Court for the United States court of Appeals for the D.C. Circuit by using the appellate CM/ECF system.

I further certify that on this 1st day of February, 2024, I served the foregoing Unopposed Motion to Hold Case in Abeyance on counsel of record for appellees via the CM/ECF system.

/s/ *Chad A. Landmon*
Chad A. Landmon
*Attorney for Plaintiff – Appellant*
*Norwich Pharmaceuticals, Inc.*