# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

NORWICH PHARMACEUTICALS, INC.,

    *Plaintiff – Appellant*,

v.

XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,

ROBERT M. CALIFF, M.D., in his official capacity as Commissioner of Food and Drugs,

and

UNITED STATES FOOD AND DRUG ADMINISTRATION,

    *Defendants – Appellees*,

SALIX PHARMACEUTICALS, INC.,

    *Intervenor for Defendants – Appellees.*

Case No. 23-5311

## **MOTION TO REMOVE CASE FROM ABEYANCE**

Intervenor Salix Pharmaceuticals, Inc. ("Salix") respectfully submits this Motion to Remove Case from Abeyance pursuant to the Court's Order on February 2, 2024, which held the case in abeyance and ordered that "[t]he parties are directed to file motions to govern further proceedings in this case within 30 days of the U.S. Court of Appeals for the Federal Circuit's disposition of <u>Salix Pharms., Ltd. v. Norwich Pharms. Inc.</u>, Nos. 22-2153, 23-1952." On April 11, 2024, the Federal Circuit issued its opinion in those cases.

Both sides have petitioned the Federal Circuit to rehear the appeal as a panel or en banc. Norwich, with the government's consent, asks this Court to continue to hold this appeal in abeyance pending the Federal Circuit's ruling on Norwich's petition for rehearing. But there is no need for further delay in this Court, as the probability that the Federal Circuit will grant Norwich's petition for rehearing is remote at best. Although one judge dissented to the majority's denial of Salix's appeal, the panel unanimously upheld the district court's judgment concerning the timing of FDA's approval of Norwich's amended ANDA at issue in Norwich's cross-appeal. Only Norwich's cross-appeal has any potential relevance to Norwich's appeal before this Court, and there is no reason to further delay this appeal.

Norwich filed this appeal in December 2023. Salix did not oppose Norwich's request to hold the case in abeyance while the Federal Circuit's decision was pending—particularly because the Federal Circuit was the right court to resolve

Norwich's claims. However, now that the Federal Circuit has resolved Norwich's cross-appeal against it, this case should proceed.

Salix respectfully requests that this Court resume proceedings and set a briefing schedule.

Dated: May 13, 2024

Respectfully submitted,

/s/ David B. Salmons
David B. Salmons
Amanda L. Salz
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
david.salmons@morganlewis.com
amanda.salz@morganlewis.com

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
(713) 890-5000
william.peterson@morganlewis.com

*Counsel for Intervenor Salix Pharmaceuticals, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The foregoing Motion to Remove Case from Abeyance complies with the type-volume requirements set forth in D.C. Circuit Rule 27(d)(2)(A) because the motion is in 14-point Times New Roman proportional font and contains 286 words.

Dated: May 13, 2024                     Respectfully submitted,

/s/ David B. Salmons
David B. Salmons

*Counsel for Intervenor Salix Pharmaceuticals, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2024, I electronically filed the foregoing Motion to Remove Case from Abeyance with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system.

I further certify that on this 13th day of May, 2024, I served the foregoing Motion to Remove Case from Abeyance on all counsel of record via the CM/ECF system.

Dated: May 13, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ David B. Salmons
　　　　　　　　　　　　　　　　　　David B. Salmons

　　　　　　　　　　　　　　　　　　*Counsel for Intervenor Salix Pharmaceuticals, Inc.*