IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff – Appellant*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, <br><br> ROBERT M. CALIFF, M.D., in his official capacity as Commissioner of Food and Drugs, <br><br> and <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> *Defendants – Appellees*, <br><br> SALIX PHARMACEUTICALS, INC., <br><br> *Intervenor for Defendants – Appellees*. | Case No. 23-5311 |

**MOTION TO HOLD CASE IN ABEYANCE**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Appellant Norwich Pharmaceuticals, Inc. (hereafter "Norwich") hereby moves the Court to hold this appeal, Case No. 23-5311, in abeyance for sixty days while the Supreme Court of the United States considers the petitions for writs of certiorari filed on September 11, 2024 by both Salix Pharmaceuticals and Norwich in the related matter *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, which would have the potential to render this appeal unnecessary.

The Federal Government Appellees consent to Norwich's request to hold Norwich's appeal in abeyance, while the Intervenor-Defendant below objects.

In support of this motion, Norwich shows as follows:

1.  On August 10, 2022, the U.S. District Court for the District of Delaware entered an opinion and judgment in *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, No. 1-20-cv-00430-RGA, that Norwich's ANDA No. 214369 seeking approval for the indication of reducing the risk of overt hepatic encephalopathy recurrence ("the HE Indication") infringed patents owned by Salix Pharmaceuticals, Ltd. ("Salix") ("the HE Patents") under 35 U.S.C. § 271(e)(2)(A), and that Norwich had not proven that the HE Patents were invalid. The Delaware District Court subsequently entered an order under 35 U.S.C. § 271(e)(4)(A) that FDA may not approve Norwich's "ANDA No. 214369" until the expiration of the last to expire of the HE Patents, i.e., October 2029.

2. After this order issued, Norwich amended its ANDA to remove the infringing HE Indication from its label, and to convert the Paragraph IV certifications to section viii statements to the HE Patents, certifying that the ANDA as amended does not seek approval for the HE Indication (the "Amended ANDA").

3. On June 2, 2023, FDA granted tentative approval to Norwich's Amended ANDA but refused to grant final approval due to the Delaware District Court's order under 35 U.S.C. § 271(e)(4)(A) that the effective date of final approval of "ANDA No. 214369" be delayed until the expiration of the HE Patents.

4. On June 5, 2023, Norwich filed the case below in the U.S. District Court for the District of Columbia, challenging FDA's decision to not grant final approval to Norwich's Amended ANDA under the Administrative Procedure Act, 5 U.S.C. § 706, and asserting that FDA's decision was contrary to law and arbitrary and capricious. Salix was granted leave to intervene as a defendant.

5. In the case below, Norwich's original filing was for a motion for a preliminary injunction, which the U.S. District Court for the District of Columbia converted to a motion for summary judgment that would be reviewed on its merits. Defendant-Appellees and Salix filed cross-motions for summary judgment. The U.S. District Court for the District of Columbia had a motion hearing in the case on October 6, 2023.

3

6. On November 1, 2023, the U.S. District Court for the District of Columbia entered its Memorandum Opinion and Order, denying Norwich's motion for a preliminary injunction (which had been converted into a motion for summary judgment) and granting Defendant-Appellees and Salix's cross-motions for summary judgment. Norwich is now appealing these decisions to this Court.

7. Concurrently with the above-referenced litigation in the District of Columbia, Norwich appealed the scope of the Delaware District Court's order under 35 U.S.C. § 271(e)(4)(A) to the U.S. Court of Appeals for the Federal Circuit, and Salix also appealed the invalidity of certain patents (Case Nos. 22-2153, 23-1952). Specifically, Norwich asserted that the scope of the Delaware District Court's order to delay the effective date of final FDA approval of "ANDA No. 214369" is improperly too broad to the extent that FDA reads it as extending to the Amended ANDA, which does not contain the infringing HE Indication and does not contain Paragraph IV certifications to the HE Patents.

8. The Federal Circuit heard oral argument on January 8, 2024.

9. On February 1, 2024, Norwich submitted an unopposed motion with this Court to hold this appeal in abeyance pending the U.S. Court of Appeals for the Federal Circuit issuing an opinion in the related matter *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, Nos. 22-2153, 23-1952.

10. On February 2, 2024, this Court granted Norwich's unopposed motion to hold this appeal in abeyance, and directed the parties to file status reports at 30-day intervals and "file motions to govern further proceedings in this case within 30 days of the U.S. Court of Appeals for the Federal Circuit's disposition of <u>Salix Pharms., Ltd. v. Norwich Pharms. Inc.</u>, Nos. 22-2153, 23-1952."

11. On March 4, 2024, April 3, 2024, and May 3, 2024, the parties submitted status reports.

12. On April 11, 2024, the Court of Appeals for the Federal Circuit issued its opinion in *Salix Pharms., Ltd. v. Norwich Pharms. Inc.*, Nos. 22-2153, 23-1952. In the May 3, 2024 status report alerting this Court to the Federal Circuit's opinion, the parties wrote that they "intend to file their motions on Monday, May 13, 2024," pursuant to this Court's Order that "[t]he parties are directed to file motions to govern further proceedings in this case within 30 days" of the Federal Circuit's decision.

13. Norwich and Salix filed petitions for rehearing or rehearing *en banc* with the Court of Appeals for the Federal Circuit on May 10, 2024 and May 13, 2024.

14. On May 13, 2024, Norwich filed a motion to hold this case in abeyance pending a decision on the petitions for rehearing or rehearing *en banc* with the Court of Appeals for the Federal Circuit.

5

15. On June 11, 2024, the Court entered an Order continuing to hold the case in abeyance pending further order of the court. The Order further provided that the parties are directed to file motions to govern further proceedings in this case within 30 days of the Federal Circuit's decision of the petitions.

16. On June 13, 2024, the U.S. Court of Appeals for the Federal Circuit denied the rehearing petitions, and issued its Mandate on June 20, 2024.

17. On July 15, 2024, Norwich filed a motion to keep this case in abeyance pending the potential filings of petitions for writs of certiorari.

18. On August 9, 2024, this Court entered an Order continuing to hold the case in abeyance pending further order of the court. The Order stated that the parties are directed to file motions to govern further proceedings by September 13, 2024.

19. On September 11, 2024, both Salix and Norwich filed their petitions for writs of certiorari in the Supreme Court of the United States.

20. Norwich now requests this case be held in abeyance for sixty days while the Supreme Court of the United States considers the pending petitions for writs of certiorari.

21. If Norwich's petition is granted and the Delaware District Court's order under 35 U.S.C. § 271(e)(4)(A) is vacated, the Delaware District Court's order will no longer be a basis for FDA to delay granting final approval to

6

Norwich's Amended ANDA, thus likely rendering the within appeal to this Court unnecessary. Holding this appeal in abeyance until sixty days from now may therefore avoid unnecessary expenditure of resources by this Court and the parties.[1]

22. The Federal Government Appellees agree to abeyance.

23. Intervenor-Defendant below objects to abeyance.

Wherefore, Appellant Norwich respectfully requests that the Court hold the instant case in abeyance.

Dated: September 13, 2024

Respectfully submitted,

/s/ *Aziz Burgy*

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
aburgy@axinn.com

*Attorney for Plaintiff – Appellant Norwich Pharmaceuticals, Inc.*

---

[1] Norwich's motion does not imply that Norwich believes that the U.S. District Court for the District of Columbia or this Court lacks jurisdiction over the current case.

7

## CERTIFICATE OF COMPLIANCE

The foregoing motion brief is in 14-Point Times New Roman proportional font and contains 1,236 words and thus in compliance with the type-volume limitation set forth in D.C. Circuit Rule 27(d)(2)(A).

Dated: September 13, 2024       Respectfully submitted,

/s/*Aziz Burgy*
Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
aburgy@axinn.com

*Attorney for Plaintiff – Appellant Norwich Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2024, I electronically filed the foregoing Motion to Hold Case in Abeyance with the Clerk of the Court for the United States court of Appeals for the D.C. Circuit by using the appellate CM/ECF system.

I further certify that on this 13th day of September, 2024, I served the foregoing Motion to Hold Case in Abeyance on counsel of record for appellees via the CM/ECF system.

/s/*Aziz Burgy*
Aziz Burgy
*Attorney for Plaintiff – Appellant*
*Norwich Pharmaceuticals, Inc.*