ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff - Appellant* <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; MARTIN A. MAKARY, M.D., in his official capacity as Commissioner of Food and Drugs; UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> *Defendants - Appellees* <br><br> TEVA PHARMACEUTICALS USA, INC.; SALIX PHARMACEUTICALS, INC., <br><br> *Intervenors - Appellees* | Case No. 25-5137 <br> (D.D.C. No. 1:25-cv-91) |
| NORWICH PHARMACEUTICALS, INC., <br><br> *Plaintiff - Appellant* <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; MARTIN MAKARY, in his official capacity as Commissioner of Food and Drugs; UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> *Defendants - Appellees* <br><br> SALIX PHARMACEUTICALS, INC., <br><br> *Intervenor for Defendant - Appellee* | Case No. 23-5311 <br> (D.D.C. No. 1:23-cv-1611) |

## INTERVENOR-APPELLEE SALIX PHARMACEUTICALS, INC.'S RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE AND EXPEDITE

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS............................................................................................i

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................3

    I.    No. 23-5311: Whether FDA Must Ignore a Delaware District Court Judgment. ..................................................................................3

    II.   No. 25-5137: FDA Determines that Actavis Has Not Forfeited Exclusivity.............................................................................................7

ARGUMENT ..........................................................................................................8

    I.    No Basis for Consolidation Exists. ......................................................8

    II.   Appeal No. 25-5137 Should Not Be Expedited.................................11

CONCLUSION.....................................................................................................15

CERTIFICATE OF COMPLIANCE....................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Biovail Corp. v. FDA*,
  519 F. Supp. 2d 39 (D.D.C. 2007)........................................................................14

*In re Omeprazole Patent Litig.*,
  536 F.3d 1361 (Fed. Cir. 2008) ..............................................................................4

*Mylan Lab'ys, Inc. v. Thompson*,
  389 F.3d 1272 (D.C. Cir. 2014)...............................................................................3

*Mylan Pharms., Inc. v. Sebelius*,
  856 F. Supp. 2d 196 (D.D.C. 2012)................................................................. 13-14

*Norwich Pharms., Inc. v. Becerra*,
  703 F. Supp. 3d 1 (D.D.C. 2023)................................................................... 6, 9-10

*Norwich Pharms., Inc. v. Kennedy*,
  No. 1:25-cv-91, 2025 WL 1148463 (D.D.C. Apr. 18, 2025).............2, 7-8, 12-13

*Pfizer, Inc. v. Teva Pharms., USA, Inc.*,
  429 F.3d 1364 (Fed. Cir. 2005) ............................................................................14

*Salix Pharms., Ltd. v. Norwich Pharms., Inc.*,
  98 F.4th 1056 (Fed. Cir. 2024) ...............................................................................5

*Sanofi-Synthelabo v. Apotex, Inc.*,
  470 F.3d 1368 (Fed. Cir. 2006) ..................................................................... 14-15

*Teva Pharms. USA, Inc. v. Sebelius*,
  595 F.3d 1303 (D.C. Cir. 2010)............................................................................15

*Wis. Gas Co. v. FERC*,
  758 F.2d 669 (D.C. Cir. 1985)..............................................................................13

## STATUTES

21 U.S.C. § 355........................................................................................................3, 7

35 U.S.C. § 271 ...................................................................................................... 3-4

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**RULES**

Fed. R. Civ. P. 60 .............................................................................................. 5-6, 10

**OTHER AUTHORITIES**

D.C. Circuit Handbook, Part VIII.B ......................................................................... 14

## INTRODUCTION

Plaintiff-Appellant Norwich Pharmaceuticals, Inc.'s motion to consolidate and expedite these appeals should be denied.

Represented by new counsel, Norwich mischaracterizes the appeals as involving "common issues."  The record rebuts this notion.  The appeals involve different underlying cases, different issues, and different parties.  The first appeal, No. 23-5311, presents a single issue: whether FDA acted arbitrarily and capriciously by obeying an unambiguous judgment of a Delaware district court, which the Federal Circuit affirmed.  Norwich has repeatedly conceded this judgment bars FDA from approving Norwich's ANDA No. 214369 ("the '369 ANDA") until October 2, 2029.  Salix, Norwich, and FDA are the only parties to this appeal, which has been pending in this Court for nearly a year-and-a-half.  Agencies must obey court orders, and Salix is aware of no good-faith argument that Norwich can raise to the contrary.  Norwich should either dismiss this appeal or file a brief explaining why FDA was required to act in contempt of the Delaware judgment.

The second appeal, No. 25-5137, concerns whether Intervenor-Appellee Teva Pharmaceuticals, Inc. ("Actavis")—the first ANDA applicant—forfeited its entitlement to 180 days of exclusivity to market its generic version of Xifaxan®.  This appeal will center on review of FDA's findings regarding Actavis's lack of forfeiture and the forfeiture provisions of the Hatch-Waxman Act.

1

There is no overlap in the underlying decisions, which were issued by two different district courts, and no overlap in the issues that will be raised on appeal. This Court's decision in No. 23-5311—in which, if Norwich proceeds, this Court will presumably reaffirm that federal agencies must obey court orders—will have no relevance to this Court's decision in No. 25-5137. Consolidation would not save judicial resources and is improper.

As to expediting No. 25-5137, Norwich fails to demonstrate (i) it will present a "substantial challenge" on appeal or (ii) "delay will cause irreparable injury." D.C. Circuit Handbook, Section VIII.B. As Judge Howell explained, Norwich "needs a time machine for the remedy sought" because the current version of the statute plainly forecloses its arguments. *Norwich Pharms., Inc. v. Kennedy*, No. 1:25-cv-91, 2025 WL 1148463, at *1 (D.D.C. Apr. 18, 2025). "[T]he statute dictates the result," *id*. at *2, and Norwich has no substantial challenge to that analysis. Norwich's litigation conduct also belies its assertions of irreparable injury. Although Norwich initially sought a preliminary injunction, it withdrew its request for that relief and instead moved for summary judgment. Additionally, Norwich allowed No. 23-5311 to idle in this Court for over a year, without requesting a briefing schedule, and now seeks an extension of time to file its brief. This is hardly the conduct of a party threatened with irreparable injury.

2

No justification exists for either consolidating or expediting these appeals. The Court should deny Norwich's motion.

## BACKGROUND

The Hatch-Waxman Act provides an expedited process—an Abbreviated New Drug Application ("ANDA")—"to obtain approval of a generic version of a previously approved drug." *Mylan Lab'ys, Inc. v. Thompson*, 389 F.3d 1272, 1274–75 (D.C. Cir. 2014) (citing 21 U.S.C. § 355(j)).

The two different appeals at issue concern unrelated aspects of the Hatch-Waxman Act.

## I.    No. 23-5311: Whether FDA Must Ignore a Delaware District Court Judgment.

Appeal No. 23-5311 concerns Norwich's attempt to compel FDA to violate a final judgment of the Delaware district court.  Understanding this appeal requires some background regarding the underlying litigation before the Delaware district court and the Federal Circuit.

In late 2019, Norwich submitted the '369 ANDA, which sought FDA approval to sell a generic copy of Salix's Xifaxan® 550 mg drug before expiration of Salix's patents.  Submitting such an ANDA constitutes patent infringement under the Hatch-Waxman Act, 35 U.S.C. § 271(e), and Salix sued in Delaware.  Complaint at ¶¶ 45–51, *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 20-cv-430 (D. Del.), Dkt. 1.

3

Following a bench trial, the district court determined all asserted claims were

infringed but only claims relating to a condition called hepatic encephalopathy

("HE") were valid. *Id.*, Dkt. 193.  The judgment states:

> Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029) [the HE patents], plus any regulatory exclusivity to which Plaintiffs are or become entitled.

*Id.*; *see also In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1367 (Fed. Cir. 2008)

("If the FDA has not approved the ANDA before the district court determines that

the patent has been infringed, the FDA may not approve the ANDA until the

effective date specified by the district court under section 271(e)(4)(A).").

Norwich has repeatedly acknowledged—in Delaware district court, the

Federal Circuit, and D.C. district court—this judgment bars approval of the '369

ANDA:

- This judgment is an "absolute prohibition on FDA's approval of Norwich's Amended ANDA before October 2, 2029." No. 1:20-cv-430, Dkt. 211 at 6 (Norwich's brief in support of motion to modify the judgment.).

- "The district court's 271(e) order should be vacated as improper because it blocked FDA from approving Norwich's amended ANDA[.]" *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, No. 22-2153 (Fed. Cir.), Oral Argument Recording at 19:32-36, available at https://www.cafc. uscourts.gov/home/oral-argument/listen-to-oral-arguments/.  "[T]he court simply used the ANDA number in its 271(e) order and gave it a much broader scope than its limited infringement findings." *Id*. at 20:51-58.

4

- "[T]hat [Delaware] judgment continues to operate to block approval of Norwich's '369 ANDA that was the subject of the patent trial in Delaware." Norwich's Reply in Support of Summary Judgment at 20, *Norwich Pharms., Inc. v. Kennedy, et al.*, No. 1:25-cv-91 (D.D.C.), Dkt. 74.

After entry of the judgment, Norwich filed a motion under Rule 60(b). Norwich asserted it amended the '369 ANDA post-final judgment to remove the HE indication and asked the court to modify the judgment to allow FDA to approve its amended ANDA. No. 1:20-cv-430, Dkt. 211 at 6. The district court denied the motion, explaining that no "changed circumstances" warranted modifying the judgment: "The only changed circumstance is that [Norwich] decided to amend its ANDA, . . . nearly one month after the final judgment. The changed circumstance is simply a voluntary decision of the trial loser to change course, which is neither unanticipated nor unforeseeable." *Id.*, Dkt. 222 at 3.

Norwich appealed to the Federal Circuit, arguing the district court erred by entering a judgment that blocked approval of the amended ANDA and by denying its Rule 60(b) motion. The Federal Circuit affirmed. *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, 98 F.4th 1056, 1068–69 (Fed. Cir. 2024).[1]

While the appeal was pending, on June 2, 2023, FDA granted tentative approval of the '369 ANDA: "[F]inal approval cannot be granted until October 2,

---

[1] Salix filed a cross-appeal, in which the Federal Circuit also affirmed.

2029, as specified in the court order." *Norwich Pharms., Inc. v. Becerra***,** 703 F. Supp. 3d 1, 12 (D.D.C. 2023).

Inexplicably, Norwich sued FDA for obeying the Delaware judgment. *Norwich Pharms. Inc. v. Becerra*, No. 1:23-cv-1611 (D.D.C. 2023).    Salix intervened.    Judge Moss granted summary judgment in favor of FDA, holding Norwich failed to show "that the FDA should have stretched to read the Delaware District Court's final judgment and Rule 60(b) decision in a manner that ignores their plain terms."  703 F. Supp. 3d at 25.

Norwich filed appeal No. 23-5311 on December 29, 2023, but urged this Court to hold the appeal in abeyance until resolution of the Federal Circuit appeal. *Norwich Pharms. Inc. v. Becerra*, No. 23-5311 (D.C. Cir.), Dkt. 10.  This Court reinstated this appeal in December 2024 and set a briefing schedule on April 11, 2025.  *Id*., Dkt. 18.  During the 18 months this appeal has been pending, Norwich never requested expedited consideration and never even requested a briefing schedule.  Norwich's brief is currently due on May 21.

The sole issue to be decided in No. 23-5311 is whether Norwich can show that FDA should have "ignore[d] th[e] plain terms" of "the Delaware District Court's final judgment and Rule 60(b) decision."  703 F. Supp. 3d at 25.

## II.    No. 25-5137: FDA Determines that Actavis Has Not Forfeited Exclusivity.

Appeal No. 25-5137 involves a different ANDA—No. 214370 ("the '370 ANDA")—and different issues.  When Norwich submitted the '370 ANDA in 2020, it initially sought approval of a 200 mg rifaximin tablet for treating traveler's diarrhea.  However, in May 2024, Norwich submitted an amendment to FDA adding a new strength (550 mg) and a new indication (IBS-D).

FDA granted tentative approval to the amended '370 ANDA in January 2025, concluding that Actavis—the first ANDA applicant—had not forfeited its exclusivity rights.  *Norwich Pharms., Inc.*, 2025 WL 1148463, at *8–9.  As an incentive for generic entry, the Hatch-Waxman Act provides the first generic applicant with a 180-day exclusivity period to market its drug before any other application can be approved for the same drug.  21 U.S.C. § 355(j)(5)(B)(iv)(I).  The first applicant can forfeit these exclusivity rights in specific ways defined in the statute, including if it "fails to market" its drug after certain triggering events occur, *see* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb), or if it fails to "obtain tentative approval of the application within 30 months after the date on which the application is filed, unless the failure is caused by a change in or a review of the requirements for approval of the application imposed after the date on which the application is filed." 21 U.S.C. § 355(j)(5)(D)(i)(IV).  FDA granted Norwich only tentative approval for its '370 ANDA because Actavis had not forfeited its exclusivity rights.

7

Norwich sued FDA on January 13 in the D.C. district court, challenging FDA's decision not to grant the '370 ANDA final approval. *Norwich Pharms., Inc. v. Kennedy, et al.*, No. 1:25-cv-91 (D.D.C.). Teva and Salix intervened as defendants.[2] Norwich moved for a preliminary injunction, *id.*, Dkt. 6, but agreed to have this motion consolidated with the merits and treated as a motion for summary judgment. *Id.*, Dkt. 9.

Following extensive briefing, *see Norwich Pharms., Inc.*, 2025 WL 1148463, at *2 n.3, Judge Howell denied Norwich's motion for summary judgment and granted Defendants' cross-motions. Norwich again appealed on April 18, 2025. No. 25-137 (D.C. Cir.). No briefing schedule has been set.

The issues in this appeal will concern the interpretation of the Hatch-Waxman Act's forfeiture provisions and whether FDA's conclusion Actavis did not forfeit its exclusivity rights was arbitrary and capricious.

## ARGUMENT

## I.    No Basis for Consolidation Exists.

Appeals "may be consolidated" it they contain "essentially the same parties or the same, similar, or related issues." D.C. Circuit Handbook, Section V.A. Norwich's motion fails to meet this standard. The appeals involve different ANDAs,

---

[2] Actavis is a wholly owned subsidiary of Intervenor Teva Pharmaceuticals USA, Inc. For consistency among the briefing and with the Administrative Record, Salix will refer to the first applicant with 180-day exclusivity as "Actavis."

different underlying cases before different judges, different issues, different parties, and are on different timelines.

Norwich contends both appeals involve a "Decision Algorithm." Norwich's Motion to Consolidate and Expedite ("Mot.") at 5–6. Its motion in this Court is the first time this phrase has been used in either proceeding, and its description of the proceedings underlying No. 23-5311 is erroneous:

> With respect to the '369 ANDA, FDA applied the Decision Algorithm's timing provisions relevant to Paragraph IV certifications for the HE Indication patents despite the fact that the HE Indication had been removed from the '369 ANDA, and no certification pertaining to patents covering the HE Indication formed part of the '369 ANDA at the time of FDA's decision.

Mot. at 16. This description has no basis in the actual arguments and the actual decision underlying appeal No. 23-5311.

FDA did not apply a "Decision Algorithm" but merely followed the Delaware judgment: "[F]inal approval cannot be granted until October 2, 2029, **as specified in the court order**." 703 F. Supp. 3d at 12 (emphasis added).

Judge Moss's opinion makes the issues abundantly clear: "[T]his lawsuit challenges only the FDA's interpretation of the Delaware District Court's final judgment." *Id*. at 15; *see also id*. ("[T]his case raises the distinct claim that the FDA simply misread the [Delaware] court's final judgment.").

9

Judge Moss granted summary judgment in favor of FDA and Salix because:

- "[T]he FDA's reading of the Delaware District Court's final judgment was not only reasonable but was by far the better reading." *Id*. at 19.

- "[T]he FDA's determination tracks the most straightforward reading of the final judgment—the FDA may not grant 'final approval' to 'Norwich's ANDA No. 214369' before October 2, 2029." *Id*. at 20.

- "Norwich has failed to show that the law is so clear that the FDA should have stretched to read the Delaware District Court's final judgment and Rule 60(b) decision in a manner that ignores their plain terms." *Id*. at 23.

Judge Moss's analysis predates Norwich's concessions before the Federal Circuit and in the second D.C. district court case that the Delaware final judgment "continues to operate to block approval of Norwich's '369 ANDA," No. 1:25-cv-91, Dkt. 74 at 20, and "block[s] FDA from approving Norwich's amended ANDA[.]" No. 22-2153, Oral Argument Recording at 19:32-36, available at https://www.cafc. uscourts.gov/home/oral-argument/listen-to-oral-arguments/.

The sole issue in No. 23-5311—What does the Delaware final judgment mean and must FDA obey it?—has nothing to do with the forfeiture issues in No. 25-5137.

The appeals arise from different underlying cases with different issues and parties. Judicial economy would not be served by having the appeals heard together, and because there are no overlapping legal issues, different panels would not issue contradictory or conflicting decisions.

Finally, contrary to Norwich's assertion, granting reversal in either appeal would not lead to "[i]mmediate approval and marketing of Norwich's generic 550

10

mg rifaximin tablets for the treatment of IBS-D." Mot. at 15. As FDA explained in its briefing before the district court in both cases, remand to FDA would be required for further proceedings. *See* No. 1:23-cv-1611, Dkt. 40 at 30 (FDA: "In the event the Court grants summary judgment to Norwich, however, the ordinary and proper remedy would be for this Court to instead remand to FDA for further proceedings[.]"); No. 1:25-cv-91, Dkt. 63 at 31 (FDA: "In the event the Court grants summary judgment to Norwich, however, the ordinary and proper remedy would be for this Court to instead remand to FDA for further proceedings[.]").

No factors favor consolidation of these appeals. Norwich's argument relies on a mischaracterization of the underlying decision and issues in No. 23-5311. With that mischaracterization corrected, no argument favors consolidation.

## II.    Appeal No. 25-5137 Should Not Be Expedited.

This Court should also deny Norwich's motion to expedite consideration of the appeals and reject its proposed briefing schedule. In No. 23-5311, Norwich should either dismiss the appeal or, if it can identify a good-faith argument, file its opening brief on May 21.

Norwich fails to explain why it should be permitted to skip the line and have its appeal in No. 25-5137 heard before the many other cases pending in this Court. In particular, Norwich is unable to show that the decision in No. 25-5137 is "subject to substantial challenge." D.C. Circuit Handbook, Part VIII.B. "[T]he statute

11

dictates" the district court's conclusion that FDA did not abuse its discretion in concluding that Actavis has maintained its 180-day exclusivity period. *Norwich Pharms., Inc.*, 2025 WL 1148463, at *2; *see also id*. at *12 ("By its plain terms, a forfeiture event must occur as to each patent a first applicant has submitted and lawfully maintains a certification qualifying it for the 180-day exclusivity period under subparagraph (B)(iv)."). The text and structure of the statute similarly dictated the district court's conclusion Actavis did not forfeit by not obtaining tentative approval by the statutory deadline. *See id*. at *16 (determining Norwich's argument "finds no grounding in the text").

Nor did the district court "acknowledg[e] that its decision was arguably in tension with the purposes and objectives of the Hatch-Waxman Amendments" as Norwich claims (at 18). In any event, as the district court properly concluded, "delving into these pros and cons of the differing policy impacts of the parties' positions has no place here" because what matters is the text of the legislation Congress passed. *Norwich Pharms., Inc.*, 2025 WL 1148463, at *14.

Norwich also fails to demonstrate irreparable harm. Norwich's litigation conduct belies the notion it will suffer irreparable harm absent expediting the appeals. Norwich filed its notice of appeal in No. 23-5311 over a year-and-a-half ago and twice moved to hold the appeal in abeyance. This Court released the appeal from abeyance nearly five months ago and set a briefing schedule on April 11.

Norwich never requested a briefing schedule, let alone an expedited appeal in fact, it requested delay. Moreover, in follow-on from the requests to be held in abeyance Norwich has now filed a motion for extension of time to file a brief in No. 23-5311, a request inconsistent with its demand for expedited treatment.

In the proceeding underlying No. 25-5137, Norwich agreed to withdraw its request for expedited preliminary injunctive relief in the district court. Mot. at 21. The district court noted Norwich's request for preliminary relief "force[d] this claim to the front of this Court's queue of pending cases for resolution." *Norwich Pharms., Inc.*, 2025 WL 1148463, at *1.

Norwich's proffered arguments that it will suffer irreparable harm are unpersuasive. Not only does Norwich fail to support its request with any affidavit or evidence, but mere economic harm fails to establish irreparable harm "unless a plaintiff can establish that the economic harm is so severe as to cause extreme hardship to the business or threaten its very existence." *Mylan Pharms., Inc. v. Sebelius*, 856 F. Supp. 2d 196, 215 (D.D.C. 2012) (quotation omitted) (citing *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Norwich does not try to meet that standard and instead attempts to paint itself as a "first-mover." Mot. at 21. This is wrong: Norwich is not the first-mover; Actavis is the first applicant under the statute, as Norwich has agreed. *See Norwich Pharms., Inc.*, 2025 WL 1148463, at *10 ("The parties agree that . . . Actavis is a 'first applicant' eligible for the 180-day

13

exclusivity of its drug because it was the first generic manufacturer to file a substantially complete application that contained at least one Paragraph IV Certification and lawfully maintains a Paragraph IV Certification for the drug.")

Nor does it matter Norwich would be unable to "recoup" any losses from the FDA. If that were the rule, "every action claiming economic loss caused by the government would meet the standard." *Mylan*, 856 F. Supp. 2d at 216; *see Biovail Corp. v. FDA*, 519 F. Supp. 2d 39, 49 (D.D.C. 2007) ("[P]laintiff's inability to recover monetary damages from the FDA is immaterial to the court's consideration, and the plaintiff has failed to demonstrate that it will suffer anything other than economic harm[.]").

Finally, Norwich presents a far from "strongly compelling" argument that members of the public "have an unusual interest in prompt disposition" of the appeal. D.C. Circuit Handbook, Part VIII.B. The public interest is not one-sided. The Hatch-Waxman Act balances two public interests: (i) lower drug prices, and (ii) the "importance of the patent system to encouraging innovation." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383–84 (Fed. Cir. 2006). The statutory framework is not intended to "encourage or excuse infringement of valid pharmaceutical patents," and lowering drug prices "does not justify infringing a patent." *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1382 (Fed. Cir. 2005) (citation omitted).

14

Congress did not intend the forfeiture provisions to "eviscerate" the incentive provided by the 180-day exclusivity period, which is "pro-consumer." *Teva Pharms. USA, Inc. v. Sebelius*, 595 F.3d 1303, 1318 (D.C. Cir. 2010) (rejecting an interpretation that "eviscerated that bonus" as inconsistent with the statutory scheme). Indeed, the public interest in recognizing Salix's large-scale investment in research and development, that agencies follow binding judicial judgments, and rewarding Actavis's first applicant status outweighs the public's interest in promoting a particular generic. *See Sanofi–Synthelabo*, 470 F.3d at 1383–84 (public interest favored patent enforcement over multiple drug options because "encouragement of investment-based risk is the fundamental purpose of the patent grant, and is based directly on the right to exclude" (quotation omitted)).

## CONCLUSION

For these reasons, this Court should deny Norwich's motion.

Dated:  May 12, 2025                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

/s/ William R. Peterson
William R. Peterson
Susan Stradley
1000 Louisiana, Suite 4000
Houston, TX 77002
(713) 890-5000
william.peterson@morganlewis.com
susan.stradley@morganlewis.com

Douglas A. Hastings
Brendan J. Anderson
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
douglas.hastings@morganlewis.com
brendan.anderson@morganlewis.com

Michael J. Abernathy
Wan-Shon Lo
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
mike.abernathy@morganlewis.com
shon.lo@morganlewis.com

*Counsel for Salix Pharmaceuticals, Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 3,406 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated:  May 12, 2025            /s/ William R. Peterson
                               William R. Peterson

                               *Counsel for Salix Pharmaceuticals, Inc.*

17