IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NORWICH PHARMACEUTICALS, INC.,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al.,<br><br>*Defendants-Appellees*,<br><br>TEVA PHARMACEUTICALS USA, INC., SALIX PHARMACEUTICALS, INC.,<br><br>*Intervenor-Appellees*. | Case No. 25-5137<br>(D.D.C. No. 1:25-cv-91) |
| NORWICH PHARMACEUTICALS, INC.,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al.,<br><br>*Defendants-Appellees*,<br><br>SALIX PHARMACEUTICALS, INC.,<br><br>*Intervenor-Appellee*. | Case No. 23-5311<br>(D.D.C. No. 1:23-cv-1611) |

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND EXPEDITE APPEALS**

Plaintiff-Appellant Norwich Pharmaceuticals, Inc. ("Norwich") has moved the Court to consolidate these two related appeals, Nos. 23-5311 and 25-5137, on a combined briefing schedule, and expedite consideration thereof. The federal Defendants-Appellees have agreed to consolidation and the unified briefing schedule. Only Intervenors oppose. Notwithstanding Intervenors' counsel's sharp rhetoric, the simple reality is that Norwich has sought to obtain a quick resolution of important issues while being mindful of the burden these cases impose on the Court. In the interest of efficiency, Norwich has sought consolidated briefing of overlapping issues before one panel, and expedition. The motion should be granted.

**1.** As Norwich's motion explained (at 15-16), the two appeals should be consolidated because they involve the FDA's refusal to approve Norwich's substantially similar generic drug applications—Nos. 214,369 ('369 ANDA) and 214,370 ('370 ANDA), seeking approval to market the generic drug rifaximin for IBS-D, and containing overlapping patent certifications—based on a misapplication of the FDCA's approval timing rules. This Court therefore will consider the same or substantially similar facts and law when deciding both appeals, making consolidation the most efficient use of the Court's resources. The federal Defendants-Appellees, who issued the decisions that are the subject of the appeals and will be defending those decisions on appeal, have consented to consolidated appeals and briefing.

Intervenors have not. But they provide no persuasive justification for disrupting Norwich and the Defendants-Appellees' agreed course of proceedings, or for generating twice as much briefing, which will surely be duplicative, before two panels. Intervenors—yet, tellingly, not the federal Defendants-Appellees—attempt to paint these two cases as concerning entirely different issues, namely, (i) the scope of the patent court's judgment as to the '369 ANDA, and (ii) the scope of Actavis's 180-day exclusivity as to the '370 ANDA. Intervenors fail, however, to rebut Norwich's showing that both cases require application of the same complex statutory rules in 21 U.S.C. § 355(j)(5)(B) ("Decision Algorithm").

As Norwich explained, the Decision Algorithm provides a unified series of timing rules, all of which must be applied to "each [patent] certification made" by Norwich. 21 U.S.C. § 355(j)(5)(B)(i)-(iv). That Decision Algorithm dictates the relevance of the Delaware court's patent judgment, which can only be applied to an application containing a given "[patent] certification made" by Norwich. *Id.*; Mot. 18. The amended '369 ANDA excludes certifications to the HE patents, so the Delaware court's judgment arising from certifications to the HE patents is irrelevant under the Decision Algorithm. Indeed, the Federal Circuit came close to saying as much.[1] Likewise, the Decision Algorithm dictates the scope of Actavis's exclusivity

---

[1] The Federal Circuit found the amended '369 ANDA—which removed the HE Indication from the label—was not before the Delaware court, which "reasonably

2

that Intervenors maintain blocks approval of *both* the amended '369 ANDA *and also* the '370 ANDA. Mot. 15-16. Because the plain language of the Decision Algorithm applies only to "each [patent] certification made," and because Norwich did not make a certification to the HE patents in either the amended '369 ANDA or the '370 ANDA, exclusivity does not block approval of *either ANDA in either case*. *See generally* 21 U.S.C. § 355(j)(5)(B)(iv), (D).[2]

Intervenors disagree with all of that—but their disagreement concerns the merits of Norwich's arguments rather than whether the Court will have to address those arguments on appeal. They contend that the Decision Algorithm has no relevance to interpretation of the Delaware court's order on the '369 ANDA—even though that order was issued pursuant to, and gains its force and effect from application of, the Decision Algorithm. *See* 21 U.S.C. § 355(j)(5)(B)(iii)(II)(bb).[3]

---

held that consideration of the amended ANDA would be inequitable and inappropriate." *Salix Pharms., Ltd. v. Norwich Pharms., Inc.*, 98 F.4th 1056, 1069 (Fed. Cir. 2024). That is because an infringement judgment could only stop "approval of particular infringing uses of the drug, not all uses of the drug including non-infringing uses." *Id.* at 1068.

[2]   Intervenor Salix faults Norwich for using the shorthand "Decision Algorithm" only in the '370 case, and not the '369 case. That point of terminology does nothing to refute the fact that the relevant argument—that the Delaware court's judgment only has force and effect when applying the timing rules (algorithm) in 21 U.S.C. § 355(j)(5)(B)—was clearly made and preserved below. *See* Mem. ISO Pl.'s Mot. for Prelim. Inj. 17-19, No. 23-cv-1611 (D.D.C. June 5, 2023), Dkt. 4-1.

[3]   Intervenor Salix also contends that Norwich has acknowledged that the Delaware court's order bars approval of the amended '369 ANDA. In actuality,

3

And Intervenors claim the Decision Algorithm has no relevance to the scope of Actavis's 180-day exclusivity, either. Like the district court, they misread the statutory scheme to treat Actavis's exclusivity under § 355(j)(5)(B)(iv) as a freestanding prohibition on approval of any ANDA for the drug rifaximin, including the '369 ANDA (at issue in the 23-5311 appeal) and '370 ANDA (at issue in the 25-5137 appeal), no matter the contents of a subsequent applicant's (Norwich's) patent certifications. But Congress instructed FDA in the Decision Algorithm to apply the exclusivity in § 355(j)(5)(B)(iv) solely with respect to "each certification made"—which is why neither the '369 nor '370 ANDA is blocked by any exclusivity relating to the HE patents. Mot. 6-8.

Of course, the Motions Panel need not pre-judge these merits issues today. The point is simply that there is a substantial question about the correct interpretation of this critically important statutory scheme, which will be highly relevant in both appeals. Judicial efficiency favors a single panel determining which position is right, on a unified basis, rather than doubling up briefing before two different panels.

**2.** Norwich's motion (at 17-22) additionally demonstrated that these appeals should be expedited because they raise issues subject to substantial challenge,

---

Norwich has pointed out that *FDA* applies the order to bar such approval, and the issue raised in the 23-5311 appeal is whether that application by FDA is contrary to the Delaware court's judgment, to the statute, and to FDA's own regulation. It is all of these.

4

Norwich will suffer irreparable harm absent expedition, and the public interest favors expedited consideration of decisions that are blocking an important generic drug from the market.

Intervenors do not provide any persuasive argument against expedition. As for the decisions on appeal being subject to substantial challenge, Intervenors cannot refute the key fact that the district courts both recognized that they were tackling difficult questions of first impression. *See* Mot. 3. And as for their argument against Norwich's irreparable harm, it makes little sense. Intervenors fault Norwich for converting its motions for preliminary injunction to ones for expedited summary judgment—but the entire point of that procedure was to *expedite* a resolution below, while minimizing the burden on the district court. If Norwich had *not* sought expedition below, Intervenors would likely be here arguing today that Norwich's languid pace disfavored expedition. Nor do Intervenors dispute that Norwich will *factually* suffer irrevocable losses absent expedition, only that they are legally insufficient to constitute irreparable harm. As Norwich has explained, these great, certain, and imminent losses are classic irreparable harm. Mot. 19-21.

Intervenors also reprimand Norwich for previously moving to hold the '369 ANDA's appeal in abeyance pending a resolution of a related appeal of the Federal Circuit's judgment before the Supreme Court. This argument likewise is of no moment; the point of that abeyance was that a favorable Supreme Court decision

5

would have *mooted* the need to resolve the 23-5311 appeal concerning the '369 ANDA, conserving this Court's and the parties' resources. There was no improper delay.

**3.** At bottom, Intervenors offer no good reason to double the number of briefs, before two panels, on a non-expedited basis, when Norwich and the federal Defendants-Appellees agree on consolidation and a swift, combined briefing schedule. Delay, overlapping briefing, and double the judicial resources are not in the Court's interest, the Parties' interest, or the public interest.[4]

For the foregoing reasons, and those set forth in Norwich's motion, the Court should consolidate appeals 23-5311 and 25-5137, and establish the following briefing schedule: June 13, 2025 (combined opening brief), July 28, 2025 (combined response briefs), August 18, 2025 (combined reply brief), August 20, 2025 (deferred appendix), and August 25, 2025 (final briefs). The Court should also expedite consideration of the appeal, with oral argument scheduled for September

---

[4] To the extent that Intervenors even have Article III standing to properly intervene, Salix's only interest is in protecting its monopoly, branded drug from competition. So Salix alluding (at 15-16) to the supposed importance of promoting competitive entry by ANDAs by providing value to the 180-exclusivity—as a purported reason supporting *Actavis's* 12-year delay in entry, and *denial* of any right of entry to Norwich—makes no sense. Actavis's appeal (at 18-20) to expanding the scope of the 180-exclusivity to incentivize entry of generic drugs makes just as little sense—Actavis has failed to take the necessary actions to bring its drug into the market in the intervening 12 years since agreeing with Salix *not* to enter the market until 2028.

6

2025, or as soon thereafter as this case may be heard. At minimum, the appeals should be assigned to a single panel and set for argument the same day, as Intervenor Actavis (Teva) suggests, on the same briefing schedule.

Dated: May 15, 2025

Matthew S. Murphy
AXINN, VELTROP &
HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101
mmurphy@axinn.com

*Attorneys for Plaintiff-Appellant Norwich Pharmaceuticals, Inc.*

Respectfully submitted,

*/s/ Andrew D. Prins*
Andrew D. Prins
Peter E. Davis
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-3317
andrew.prins@lw.com

Nicholas L. Schlossman
LATHAM & WATKINS LLP
300 Colorado Street
Suite 2400
Austin, TX 78701
(737) 910-7314

*Counsel for Plaintiff-Appellant Norwich Pharmaceuticals, Inc.*

## CERTIFICATE OF COMPLIANCE

The foregoing motion brief is in 14-Point Times New Roman proportional font and contains 1,545 words and thus is in compliance with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) and D.C. Circuit Rule 27(a)(2).

Dated: May 15, 2025

Respectfully submitted,

*/s/ Andrew D. Prins*
Andrew D. Prins
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-3317
andrew.prins@lw.com

*Attorney for Appellant*
*Norwich Pharmaceuticals, Inc.*